WHIPPLE *v.* GORSUCH.

Opinion delivered April 1, 1907.

1. MALICIOUS PROSECUTION—DEFENSE.—Proof of the plaintiff's actual guilt of the offense charged is a complete defense to an action to recover damages for a malicious prosecution. (Page 256.)

2. SAME—PROBABLE CAUSE DEFINED.—Probable cause is such a state of facts known to the prosecutor, or such information received by him from sources entitled to credit, as would induce a man of ordinary caution and prudence to believe, and did induce the prosecutor to believe, that the accused was guilty of the crime alleged, and thereby caused the prosecution. (Page 256.)

3. LANDLORD AND TENANT—LANDLORD'S POWERS.—Where a tenant of a room in a building gave notice to the landlord of her intention to vacate, the landlord had authority to hang a *for rent* sign upon the outer walls of such room. (Page 256.)

4. TRESPASS—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 1901, declaring it a misdemeanor maliciously to sever "from the freehold any produce thereof *or anything attached thereto,*" refers to the severance of things attached to the freehold as part thereof, such as produce of the soil, timber, structures or fixtures thereto, and not to the tearing down of a temporary rent placard or notice. (Page 258.)

5. MALICIOUS PROSECUTION—PROBABLE CAUSE.—Where the facts relied upon to constitute probable cause are undisputed, the question is one of law for the court to determine, and should not be submitted to the jury. (Page 259.)

6. SAME—PROBABLE CAUSE—DOUBT AS TO LAW.—A well-founded doubt as to the law may constitute such probable cause as would justify a prosecution, and be a defense against a subsequent suit for malicious prosecution based thereon, if such doubt induces in the mind an honest belief that there are legal grounds for the prosecution. (Page 259.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

Action by Mrs. Maude Gorsuch against William G. Whipple for malicious prosecution. The plaintiff recovered damages in the sum of $500, and the defendant appealed.

*George W. Murphy* and *Myers & Bratton,* for appellant.

1. The lease was forfeited by the acts of appellee, under section 1901, Kirby's Digest, and the prosecution was justified. 1 L. R. An. (N. S.) 331; 41 Ark. 532; 93 S. W. 986; 1 Washb. Real Property (4 Ed.), 436; 53 Atl. 394; 93 Ill. App. 609; 184 Ill. 320; 153 U. S. 540.

2. There was probable cause for the prosecution. 69 Ark. 439; 71 *Id.* 363; 24 Howard, 544; 31 Ore. 503; 168 Mass. 316; 5 Col. 1; 20 Hun (N. Y.), 465; 63 Me. 344; 12 Ala. 264. Want of probable cause cannot be inferred from any degree of even express malice. 98 U. S. 187; 9 Rose's Notes, 627.

3. One acting under the directions of the State's attorney, although actuated by malice, is not liable. 1 B. Mon. 358; 50 How. Pr. 105. Nor is one liable if he laid all the facts before a magistrate or counsel, and honestly follows his advice. 8

Cal. 217; 17 Ala. 27; 7 Cal. 257; 26 Ill. 259; 8 La. Au. 12; 9 *Id.* 219; 16 *Id.* 387; 8 Mo. 339; 25 Penn. St. 275.

4. Want of probable cause can never be implied from malice, though malice may sometimes be inferred from want of probable cause. 98 U. S. 187; 9 Rose's Notes, 627; 81 Ala. 220; 65 Tex. 550; 1 West. 839. Acquittal or failure of prosecution is not evidence of malice or want of probable cause. 82 Ind. 421; 13 Ohio C. C. 281; Rose's Notes, 627. Probable cause has a well-known meaning. 7 Cranch, 347. Doubt respecting the law may be a basis for probable cause as well as doubt respecting the facts. 84 U. S. 82. Probable cause is one of law for the court, and it is its duty to so instruct the jury. 30 Kans. 534; Cooley on Torts, p. 181. Both malice and want of probable cause must be proved. 32 Ark. 763. See, also, 193 U. S. 486; 4 B. & C. 247; 1 West. 321; 3 N. E. 497. In view of these authorities the court erred in giving instruction one for plaintiff, in refusing the tenth for defendant, and also the eleventh and others.

*Vinson & Wooten* and *Campbell & Stevenson,* for appellee.

1. A lessee of rooms is entitled to the sole possession and control of same, including the *outer walls.* 53 N. H. 503; 16 Am. R. 388; 43 Hun, 355; 2 Cooley, Torts, * 384; 61 Miss. 631; Wood on Landlord and Ten. § § 541, 208; 145 Mass. 1; 12 N. E. 401; 1 Am. St. 422. A mere breach of the covenant by the tenant does not give the landlord a right of entry, unless so specified in the lease. Unless specified, it is not a *condition,* but a mere covenant. 55 Mich. 163, 165; Wood on Land. & Ten. § 279; 52 Tex. 222; Jones on Land. & Ten. § 487; 2 Wood on Land. & T. § 3527, pp. 1291-6-7; 64 Ill. App. 203, 207; 58 Ill. 268; 5 Barn. & Ad. 765. Kirby's Digest, § 1901, is not applicable to this case—nothing was *severed.*

2. No error in the instructions as to probable cause and malice. 63 Ark. 387, 392; 69 *Id.* 439; 71 *Id.* 351, 360; 1 Cooley on Torts (3 Ed.), 336-7, * 214; 25 S. W. 691; 15 Ark. 345; 4 Wait, Act. & Def. 344; 7 Cranch, 348; 19 Am. & E. Enc. Law, 653.

3. Malice, both legal and actual, is shown by the evidence. 32 Ark. 166, 172; 37 *Id.* 160; 63 *Id.* 387. Where want of prob-

able cause appears, actual malevolence is immaterial; legal malice being presumed. 32 Ark. 763.

McCULLOCH, J. The plaintiff, Mrs. Maude Gorsuch, sues to recover damages sustained by reason of a criminal prosecution for misdemeanor alleged to have been maliciously and without probable cause instituted against her by the defendant, William G. Whipple, before a justice of the peace of Pulaski County. The defendant admitted in his answer that he instituted the prosecution, but denied that he did so maliciously or without probable cause. He alleged that there existed just grounds for the prosecution, and that the plaintiff was guilty of the misdemeanor charged in the affidavit made by him for her arrest.

There is little dispute, substantially, about the material facts in the case, so far as they relate to the charge upon which the plaintiff was prosecuted by the defendant, the circumstances leading up to the prosecution, and her guilt or innocence of the offense charged against her.

Whipple's wife owns an office building in the city of Little Rock, and the firm of attorneys of which he is a member manage it for her, rent the rooms to tenants in their own name, and for all practical purposes are the landlords. Mrs. Gorsuch is a hairdresser and manicurist, and for about eighteen months preceding the date of her arrest occupied a suite of two rooms in the Whipple building, using the same as her place of business. She leased the rooms from defendant's firm, under a written contract, for a term of one year from January 1, 1904, at a monthly rental of $20, payable in advance.

The contract provided that the lessee must give thirty days' notice in writing of her intention to move, and should be liable for all rent accruing during the term, and for thirty days after delivery of written notice of her intention to move. She paid her rent regularly, monthly in advance, up to and including the month of August, 1905, and on August 24, 1905, she gave verbal notice of her intention to move on the first day of September. Defendant then instructed the janitor of the building to hang a "For Rent" notice or sign on the inside of the front window, which was done, and plaintiff tore it down. It was again put up in the same place, and plaintiff again tore it down. The

janitor, then, under instruction from defendant, put the notice on the outside of the window. Defendant thereupon filed an affidavit before a justice of the peace, alleging that she did "maliciously and wilfully commit the crime of trespass by severing from the freehold, lot 7, block 4, city of Little Rock, a sign attached to said property, owned by Mrs. Mary Whipple," and praying for a warrant of arrest. After she had appeared in court with her attorney, the prosecution was dismissed, and she commenced this action to recover damages.

The first question presented for our consideration is whether the plaintiff had legal right to tear down the sign, and, if not, whether she was guilty of a criminal offense in so doing. For, if she did not have the legal right to tear it down, the trial court erred in instructing the jury that she did have such right; and if she was guilty of a criminal offense in tearing down the sign, the prosecution was well founded, no action can be maintained, whatever may have been the motive which prompted it, and a peremptory instruction should have been given in favor of the defendant.

Proof of the plaintiff's actual guilt of the offense charged is a complete defense to an action to recover damages for a malicious prosecution for the offense. 19 Am. & Eng. Enc. L. p. 661; *Threefoot* v. *Nuckols,* 68 Miss. 116; *Thurber* v. *Eastern Bldg. & Loan Ass'n,* 118 N. C. 129.

Where the actual guilt of the accused is not shown, then probable cause for the prosecution will relieve the prosecutor or instigator from liability, and probable cause, as defined by this court, "is such a state of facts known to the prosecutor, or such information received by him from sources entitled to credit, as would induce a man of ordinary caution and prudence to believe, and did induce the prosecutor to believe, that the accused was guilty of the crime alleged, and thereby caused the prosecution." *Hitson* v. *Sims,* 69 Ark. 439.

We think that under the facts of this case, which are undisputed on this point, the plaintiff did not have the right to tear down the rent sign on the outside of the building, and the court erred in its instruction to that effect.

The plaintiff broke the contract by attempting to terminate the lease on a week's notice. Defendant had the right to accept

the termination of the lease and treat the contract as at an end, and to take such steps towards securing another tenant as was not inconsistent with the plaintiff's enjoyment of the premises during the remainder of the month for which she had paid the rent. The plaintiff's lease only covered two rooms in a large building, occupied by various tenants. Now, conceding that this gave her the right to use the outer walls of her rooms for purposes incident to the use and enjoyment of the rooms, yet this did not divest the landlord of his dominion over the building, or prevent him from using the walls for purposes reasonably necessary in the management, protection and care of the whole building, not inconsistent with the full enjoyment by the tenant of the leased part.

A decision of the Supreme Court of Massachusetts, in the case of *Lowell* v. *Strahan,* 145 Mass. 1, is pressed upon our attention by counsel for appellee as decisive of this question. We do not, however, consider that case in point. It involved a controversy between the lessee of the lower or ground floors of a building and his lessor, as to which should have the right to let the outer walls to other persons for hire for the purpose of placing signs thereon. The court held that, there being no reservation in the lease, the term "first floor," included the outside of the front wall of that part of the building, and gave the lessee the right to use the same. No question was involved there at all of the landlord's right to use the wall for his own purposes as landlord in a way not inconsistent with the proper enjoyment thereof by the lessee. The same learned court had, in repeated decisions, held that the owner of a building, who rented all the rooms to tenants, still retained dominion and control over the walls, approaches, pass-ways, etc., and is liable for damages resulting from failure to repair, etc. *Kirby* v. *Boylston Market Ass'n,* 14 Gray, 249; *Milford* v. *Holbrook,* 9 Allen, 17; *Watkins* v. *Goodall,* 138 Mass. 533. There are many other decisions to the same effect.

The placing of a rent sign on the outside wall or window did not interfere with the plaintiff's use and enjoyment of the leased part of the building, and it was a strictly legitimate use for the defendant to make of the space. The plaintiff had the right to use all the space she wanted on the outside to advertise

her business and her occupancy of the premises. This sign did not necessarily give notice that the rooms were vacant, but merely notified the public they would be vacant, and were for rent.

This court has held that a lessee acquires an interest in the leased premises and the exclusive right to control the premises for the term (*Mondschein* v. *State,* 55 Ark. 389; *Jones* v. *State,* 55 Ark. 186) ; but it does not follow from this that the lessee of a room or rooms in a building occupied by many other tenants has the right to use the outside wall of his room to the exclusion of all rights of the owner.

The first instruction given by the court at the request of plaintiff told the jury that the defendant had no right to affix a sign on the outer wall of said rooms, and that the plaintiff was within her rights in tearing it down. This was erroneous.

Was the plaintiff guilty of a criminal offense in tearing down the sign?

The statute under which she was prosecuted, and which the defendant claims that she violated, reads as follows: "Every person who shall wilfully commit any trespass by cutting down or destroying any kind of wood or timber, standing or growing upon the lands of any other person, or carry away any kind of wood or timber that may have been cut down and that may be lying on such land, or shall maliciously cut down, lop, girdle or otherwise injure any fruit, ornamental or shade tree, or maliciously sever from the freehold any produce thereof, or anything attached thereto, shall, upon conviction, be adjudged guilty of a misdemeanor and be fined in any sum not less than fifty dollars." Kirby's Digest, § 1901. We do not think that the tearing down of a temporary rent placard or notice can be held to fall within this statute. It manifestly refers to the severance of things attached to the freehold as a part thereof, such as produce of the soil, timber, structures or fixtures thereto.

While the statute does not make the act committed by the plaintiff a criminal offense, and therefore proof of the commission of such act does not constitute an absolute defense to this action, yet the statute is of such doubtful construction that the act of plaintiff in tearing down the notice is sufficient to constitute probable cause for the prosecution of her by the

defendant, if he was induced thereby to believe that she had violated the statute.

Where the facts relied on to constitute probable cause are undisputed, that question becomes one of law for the court to determine. It should not, under that state of the case, be submitted to a jury. *Lavender* v. *Hudgens,* 32 Ark. 763; 1 Cooley on Torts (3rd Ed.), p. 321; 19 Am. & Eng. Enc. L. p. 673; *Crescent City Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141; *Stricker* v. *Pennsylvania R. Co.,* 60 N. J. L. 230.

A well-founded doubt as to the law may constitute probable cause which would justify a prosecution, the same as doubt concerning the facts, if such doubt induces in the mind an honest belief that there are legal grounds for the prosecution.

The court should have told the jury, as a matter of law, that the plaintiff's act in tearing down the rent notice constituted probable cause; and if the defendant honestly believed that she had violated this statute, they should find for the defendant. The court did tell the jury this, in effect, in the instruction numbered fourteen given at the request of the defendant, and there was no error in any of the instructions, so far as that question is concerned. Appellant complains of the ruling of the court in refusing his eleventh instruction, but we think that was sufficiently covered by the fourteenth already referred to. The error already pointed out in the instruction number one was prejudicial to appellant, as it incorrectly stated the law as to plaintiff's right in tearing down the notice, and may have misled the jury in determining whether or not the defendant believed that the law had been violated by the plaintiff.

It was the duty of the court to correctly state the law applicable to the facts of the case, and, the facts being undisputed, it should have told the jury that they constituted probable cause for the prosecution of the defendant if he was induced to believe, when he instituted it, that the plaintiff was guilty of a violation of law. An instruction which incorrectly stated the law with reference to the act of plaintiff, for the commission of which she was prosecuted, necessarily had some force with the jury in determining whether or not the defendant believed that the law had been violated by the plain-

tiff. It incorrectly declared to the jury that the defendant had wrongfully invaded the rights of the plaintiff when he caused the notice to be put up, and was therefore prejudicial.

Alleged improper argument of counsel is assigned as further grounds for reversal; but as the case must be reversed for the error already indicated, we need not discuss this. The argument was improper, and we assume that it will not be repeated in the next trial.

Reversed and remanded for a new trial.