### JOHN BUHNER v. OTTO REUSSE AND OTHERS.[1]

January 16, 1920.

No. 21,562.

**Malicious prosecution — want of probable cause — dismissal.**

In this action for malicious prosecution plaintiff failed to show want of probable cause, and the court did not err in granting defendants' motion for a dismissal.

Action in the district court for Murray county to recover $5,000 for malicious prosecution. The case was tried before Nelson, J., who when plaintiff rested dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Wilson Borst,* for appellant.

*A. W. Tierney* and *C. T. Howard,* for respondents.

Holt, J.

The action was dismissed when plaintiff rested. The appeal is from the order denying plaintiff's motion for a new trial.

Plaintiff sued, alleging that defendants conspired together for the purpose of ruining his business, and to that end maliciously and without probable cause instituted criminal proceedings against him for the alleged violation of a village ordinance. Defendants answered separately. The facts as developed at the trial are substantially these: Plaintiff, a resident of the village of Fulda, for many years raised flowers, vegetables

[1]Reported in 175 N. W. 1005.

and garden stuff which he peddled in the village and vicinity. He also in the fall bought a few carloads of apples which he retailed from the car, without unloading. The village had an ordinance requiring a license from transient merchants, and imposing penalties for a violation thereof. In the fall of 1915, a car of apples was shipped to plaintiff and he undertook to retail them from the car as it stood on a side track. On October 21, 1915, and again the next day, the defendant Mathiason swore to a complaint before a justice of the peace, charging plaintiff with violating this ordinance in thus disposing of the apples. He was found guilty in the justice court, but, on appeal to the district court, was acquitted. Mathiason was the village marshal, and was directed by the village council, of whom defendant Reusse was president, to make the complaint. Defendant Tierney was the village attorney who had charge of the prosecution.

It was necessary for plaintiff to prove both malice and want of probable cause. If there was probable cause for the prosecution, this action must fail, even though actual malice was proven against defendants. Want of probable cause cannot be inferred from existence of actual malice. Since we conclude that the appeal must be disposed of upon the question of probable cause, it is not necessary to consider the evidence as to malice.

When the facts relating to want of probable cause are undisputed the question whether it has been established is for the court. Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093, and cases therein cited. There is here much to indicate the existence of probable cause. The defendants were officers charged with the duty of enforcing the ordinances of the village. They could scarcely question the validity of a duly enacted ordinance. The justice of the peace had jurisdiction of offenses under this ordinance and found plaintiff guilty of the charge made against him. In many jurisdictions this result would be conclusive that probable cause existed. That is not the rule in this state. A conviction of the plaintiff, which was reversed on appeal and the plaintiff discharged, is not conclusive, but strong prima facie, evidence of probable cause. Skeffington v. Eylward, 97 Minn. 244, 105 N. W. 638, 114 Am. St. 711. We think the record is barren of any substantial evidence rebutting the strong prima facie case of probable cause made by the conviction before the justice. A sporadic business enterprise, such as the selling at retail of two

or three cars of apples in the fall of the year, using the car in which they were shipped as a store, may, in the mind of the ordinarily prudent and intelligent person, create an honest belief that it was a transient business, or the business of a transient merchant and required a license. At the most, it may be claimed that the ordinance is of doubtful validity if applied to what plaintiff did.

In Whipple v. Gorsuch, 82 Ark. 252, 101 S. W. 735, 10 L.R.A. (N.S.) 1133, 12 Ann. Cas. 38, a criminal prosecution was instituted, charging a violation of a statute making it a misdemeanor "to sever from the freehold any produce thereof or anything attached thereto," in that the tenant had torn down a "For Rent" sign placed by the landlord on the outside wall of the rented rooms. The prosecution was dismissed and the tenant brought an action for malicious prosecution. The court said the alleged offense did not fall within the statute, but yet held the statute to be of such doubtful construction that the act of the tenant in tearing down the notice was sufficient to constitute probable cause for the prosecution, if the landlord was thereby induced to believe that the tenant had violated the statute. The court also stated: "A well founded doubt as to the law may constitute probable cause which would justify a prosecution, the same as doubt concerning the facts, if such doubt induces in the mind an honest belief that there are legal grounds for the prosecution."

Probable cause has been defined "as the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted." Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Stacey v. Emery, 97 U. S. 642, 24 L. ed. 1035. Such is virtually the definition adopted by this court. Burton v. St. Paul, M. & M. Ry. Co. 33 Minn. 189, 22 N. W. 300; Cox v. Lauritsen, supra.

There is no dispute as to the facts constituting the alleged violation of the ordinance upon which defendants acted. The ordinance was pleaded and the court was bound to take judicial notice thereof. Section 7773, G. S. 1913. So that there was nothing to submit to a jury on the question of probable cause. And we hold that the evidence does not make out want of probable cause. The court was therefore right in dismissing the case.

Order affirmed.