SCOTT *v.* PENNINGTON.

Opinion delivered December 5, 1921.

1. MALICIOUS PROSECUTION—QUESTION FOR JURY.—It was not error to direct a peremptory instruction for the defendants, in an action for malicious prosecution, where there was no testimony tending to prove malice or want of probable cause.

2. WITNESSES—GRAND JURORS.—In an action for malicious prosecution, it was not error to refuse to permit plaintiff to prove by members of the grand jury what testimony was given by the defendants, before the grand jury, in the alleged malicious prosecution.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*Oscar Barnett*, for appellant.

Actual malice need not be shown or proved to establish a cause of action for malicious prosecution. 100 Ark. 316; 101 Ark. 37; 193 S. W. 520; 199 S. W. 91. Malice may be inferred from want of probable cause. 122 Ark. 382; 193 S. W. 520; 204 S. W. 748.

What facts amount to probable cause is a question of law, whether they exist is a question for the jury. 169 S. W. 1023.

The jury may infer malice as a fact from proof of want of probable cause, but they cannot infer a lack of probable cause from proof of malice. Both must be proved. 32 Ark. 166; Cooley on Torts, p. 185.

There were no reasonable grounds or probable cause to accuse the plaintiff of stealing the hog. Cooley on Torts, (3rd Ed.) Vol. 1, pp. 329-330.

The court erred in not submitting the case to the jury. 204 S. W. 748.

*D. D. Glover* and *Andrew I. Roland,* for appellee.

WOOD, J. This is an action by the appellant against the appellees for malicious prosecution. The appellant alleged, in substance, that the appellees on the 28th day of January, 1920, in the county of Hot Spring, State of Arkansas, falsely, maliciously and without any reasonable grounds or probable cause procured and caused an indictment of the grand jury of Hot Spring County charging the appellant with the crime of grand larceny, setting forth the indictment; that the appellant was arrested and tried for the offense charged in the indictment and was acquitted of such offense; that G. W. Fowler was a member of the grand jury at the time the appellant was indicted, and that Fowler and the other appellees conspired together to procure and did procure the indictment against the appellant; that they also wilfully and maliciously and without probable cause encouraged the prosecution of the appellant at the trial of the offense charged against the appellant in the indictment; that the appellant was damaged in

the sum of $50,000 actual damages and $25,000 punitive damages, for which he asked judgment.

The appellees joined in an answer in which they denied all the allegations of the complaint. The facts are substantially as follows: In the fall of 1919 Stanley and Fowler were buying hogs in Hot Spring County for shipment to foreign markets. Appellant sold them two wagon loads of hogs. Among these was one red duroc which was claimed by Pennington. He made demand on Stanley and Fowler for the hog and notified them not to ship the same. Pennington demanded of appellant that he pay for the hog, which appellant did, and notified Stanley and Fowler that he had paid for the same, and that they could ship it, which they did. The grand jury, which convened in January thereafter, and of which Fowler was a member, indicted the appellant for grand larceny in the stealing of the hog of E. W. Pennington. On the indictment Stanley and Fowler were indorsed as the witnesses. The appellant was arrested, placed under bond for his appearance, and at the July term of court following was tried, the appellees appearing as witnesses at the trial on behalf of the State. After the evidence was adduced, the court instructed the jury to return a verdict finding the appellant not guilty. The appellant then instituted this action, alleging as set forth above.

The appellant himself testified that he and the appellee had been good friends all the time. At the conclusion of the testimony which developed the above facts, which were uncontroverted, the court instructed the jury to return a verdict in favor of the appellees. The appellant requested several instructions which the the court refused to give, and which it is unnecessary to set forth. The jury returned a verdict in favor of the appellees. The court rendered judgment dismissing the action, and for costs in their favor, from which is this appeal.

The court did not err in giving the peremptory instruction. There was no testimony to warrant the

court in submitting the issue to the jury as to whether or not the appellees had maliciously and without probable cause conspired together to procure, and did procure, the finding of the indictment against the appellant, nor was there any testimony to warrant submitting to them the issue as to whether or not they maliciously and without probable cause advised and encouraged the prosecution of the appellant at the trial on the indictment against him. The fact that the appellee Fowler was a member of the grand jury and that all of the appellees were indorsed as witnesses on the indictment and were called as witnesses and testified at the instance of the State at the trial of the appellant on the charge of larceny, does not tend to prove any of the allegations of appellant's complaint herein. The burden was upon appellant to establish his alleged cause of action.

The court did not err in refusing to permit appellant to prove by members of the grand jury what testimony was given by the appellees before that body in regard to the alleged grand larceny of the hog for which the indictment was returned against appellant. Such testimony was not competent. Sections 2992-3, Crawford & Moses' Digest.

The record presents no error, and the judgment is therefore affirmed.