## C. L. WINDGARDEN v. G. O. GRENDAHL.[1]

January 7, 1938.

No. 31,388.

*J. A. Lee* and *Fosnes & Rolloff,* for appellant.
*Ozro Yakey,* for respondent.

STONE, JUSTICE.

Action for malicious prosecution. After verdict for plaintiff, defendant appeals from the order denying his motion in the alternative.

[1]Reported in 277 N. W. 202.

September 27, 1936, plaintiff was arrested by defendant, a deputy game warden, for shooting a male pheasant out of season. Released temporarily, plaintiff was later jailed for failing to appear after defendant had made formal complaint against him. Defendant's action was taken after disclosure to and upon advice of the county attorney. Upon his trial, plaintiff was acquitted by a justice court jury. This action followed.

Malice and want of probable cause on defendant's part are essential to plaintiff's case. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1937) § 5730, *et seq.* Probable cause is made by any set of facts sufficient to "excite belief in a reasonable mind," actuated thereby, "that the person charged was guilty of the offense" charged. Buhner v. Reusse, 144 Minn. 450, 452, 175 N. W. 1005. No malice appears from this record except by faint conjecture. Anyway, malice is immaterial where probable cause exists. *Id.* We reverse because probable cause appears as matter of law.

Defendant testified that on the Sabbath morning of September 27, in company of Leonard Ellingson, he was patrolling the vicinity of plaintiff's domicile. Passing a cornfield, he saw, so he said, a man shoot a pheasant and then run. Defendant had his car driven forthwith to the spot and retrieved the pheasant. He then made after plaintiff, who was, in spite of his denial, the runner in the corn. Nor did he pause until defendant had fired two revolver shots into the air. Ellingson testified that he did not see plaintiff shoot the bird but did hear gunfire and saw the fallen bird. He saw plaintiff, gun in hand, run away and scale a fence at the far end of the cornfield. He went into the field, followed plaintiff's tracks, and found two shotguns and numerous empty shells.

Plaintiff was emphatic at the time and all through in denying guilt. He vehemently asserted that he had no gun in hand that day and that he had not been in the cornfield. The latter belonged to a neighbor, Zimmerman. Plaintiff, a farmer, lived about a mile away. That day, so he explained, he was "driving Mr. Beveredge's cattle out of the frozen sudan grass." Beveredge is his son-in-law, farming land adjoining Zimmerman's. He admitted running at the

time he was so seen, but said it was "to close a gate before a cow got out."

Uncontroverted facts appearing at the determinative moment make a clear case of probable cause. Someone shot the pheasant. No other huntsman was then in sight of defendant or Ellingson. The fallen bird, the two guns, plaintiff's tracks, and the empty shells defied denial. Plaintiff, on his own admission, was seen running at the crucial time, and defendant could not reasonably have believed other than that he was in flight. One of the guns belonged to plaintiff's son-in-law, the other to Zimmerman, neither of whom was then at home.

Under such facts, defendant simply performed his duty in arresting plaintiff. Either the facts, viewed with all reasonable favor to plaintiff, make an irrefragable case of probable cause or no police officer may safely arrest an offender against the law, apparently caught in the act, if the latter denies his guilt soon enough. The question is not as to the guilt or innocence of the accused but whether, acting reasonably on the facts, the arresting or prosecuting officer believed him guilty. Hanowitz v. G. N. Ry. Co. 122 Minn. 241, 142 N. W. 196.

On the facts of this case, including plaintiff's denial of guilt and his acquittal, there was yet, for defendant's prosecution of him, probable cause as matter of law.

The order will be reversed with directions to enter judgment for defendant.

So ordered.

Mr. Justice Peterson, being disqualified, took no part in the consideration or decision of this case.