RAILWAY COMPANY *v*. DAVIS.

Opinion delivered April 9, 1892.

1. *Liability of railway for ejecting passenger.*

Where a railway conductor takes a ticket from a passenger which entitles him to passage from one station to another, and between those points demands of him another fare for part of the trip, and ejects him from the car for failure to pay it, such acts constitute a legal wrong for which the passenger is entitled to recover damages.

2. *When punitive damages recoverable.*

In an action against a railway company for unlawfully ejecting a passenger from its train, punitive damages may be recovered, in addition to actual damages, where the ejection was accompanied with such violent and insulting conduct on the part of the defendant's train men as indicated a wanton disregard of the passenger's safety.

Appeal from Nevada Circuit Court.

CHARLES E. MITCHEL, Judge.

Davis recovered judgment against the St. Louis, Iron Mountain & Southern Railway Company for $1000 damages for an unlawful ejection from its train. Defendant company has appealed. The facts sufficiently appear in the opinion.

*Dodge & Johnson* for appellant.

1. The verdict is not sustained by the evidence and is contrary to law.

2. The third instruction for plaintiff should not have been given. The facts in the case do not entitle plaintiff to exemplary damages. 53 Ark. 10; Field on Damages, sec. 34; 33 A. & E. R. Cases, 407; 1 Otto, 489; 21 How. 213; 2 Wall. Jr. 164; Suth. on Dam., p. 724; 34 A. & E. R. Cases, 432; 4 So. Rep. 359; 52 Ill.

451 ; 35 Ia. 306 ; 46 Tex. 272 ; 76 Ala. 176 ; 62 Md. 301 ; 40 Cal. 657 ; 39 Ark. 387 ; *ib.* 448 ; 41 *id.* 299 ; 56 N. Y. 44.

*Atkinson, Tompkins & Greeson* for appellee.

1. There was ample evidence to sustain the verdict.

2. There was evidence to show that the injury was unnecessary, and the result of conduct wanton and reckless, and the instruction was properly given allowing exemplary damages. 42 Ark. 326 ; 53 Ark. 10 ; 9 So. Rep. 375 ; 6 Atl. Rep. 553 ; 9 S. E. Rep. 9 ; 90 Am. Dec. 342 ; 7 S. E. Rep. 617.

HEMINGWAY, J. The contention of the appellant is that there was no evidence to warrant either a verdict for the plaintiff or the giving of an instruction with reference to punitive damages. To test it, we ascertain the state of case most favorable for the plaintiff that the jury could have found from the evidence, and determine whether it was a case for damages, and if so, whether it disclosed a wilful or wanton wrong.

1. Liability of railway for ejecting passenger.

The evidence warranted a finding that the conductor took a ticket from the plaintiff which entitled him to passage from Prescott to Malvern ; that between those points the conductor demanded of him another fare for a part of the trip and ejected him from the cars for failure to pay it. This was a legal wrong to be compensated in damages.

2. When punitive damages recoverable.

As to the manner and effects of the ejection, the finding might have been that the conductor, in a violent manner and with profane and insulting language, demanded of plaintiff the payment of a fare ; that, upon his refusal to make it, the conductor, without requesting him to leave the car, laid hold upon him to put him off, forcibly "jerked him" from his seat into the aisle, and with another person, each holding him by the arm, led or dragged him from his seat through the car and to the

platform, while a brakeman aided them by pushing him in the back; that he was forcibly thrown from the car by said parties with such violence as to dislocate his hip, and for a time cripple him and cause him a serious hurt. The insulting and profane language of the conductor, the manner of the employees and the force used in ejecting him, as indicated by the extent of the injury inflicted, warranted a conclusion that the hurt was occasioned by a conscious and wanton disregard of his safety.

As the jury would have been warranted in finding the facts, and deducing from them the conclusion stated, it was proper for the court to declare the law applicable to punitive damages. *Railway* v. *Hall*, 53 Ark. 10. It is not contended that the instruction given was wrong, if it was proper to give any on that subject, and it appears to state the law as favorably as appellant could ask.

We find no error in the record, and the judgment will be affirmed without penalty.