HITSON v. SIMS.

Opinion delivered June 29, 1901.

69   439
82   256

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.—In an action for malicious prosecution it was error to instruct the jury that if, after considering all the evidence, the jury find that a reasonably prudent person would have declined to prosecute, then they might find a want of probable cause, as the question is whether all the facts known to defendant before he instituted the prosecution were sufficient to cause a person of ordinary caution, and did cause defendant, to believe that plaintiff was guilty of the crime charged. (Page 441.)

2. SAME—EVIDENCE.—In an action for malicious prosecution it is not competent to prove that defendant disposed of his property pending the prosecution. (Page 441.)

Appeal from Washington Circuit Court.

JAMES M. PITTMAN, Judge.

*G. J. Crump, Watkins & Walker,* for appellant.

As to what constitutes probable cause, see 63 Ark. 387; 97 Mo. 390; 53 N. Y. 14; 31 Am. Dec. 422; 11 Am. St. Rep. 193; 69 Ill. 376; 30 Ind. 457; 24 How. 544; 28 Gratt. 906; 56 Conn. 493; 30 Minn. 516; 67 Wis. 350; 4 Cush. 217. As to what constitutes malice, see 31 Vt. 189; 2 Greenleaf, § 544; Bishop, Non. Con. 232. If there is probable cause, the prosecutor is protected. 33 Ark. 316. Honesty of purpose precludes malice. 86 Ala. 250; 26 Am. St. 140; 76 Mo. 660. The defendant in a malicious prosecution suit must prove the guilt of plaintiff. Bishop, Non. Con. Law, 229; 13 R. I. 616; 57 Ia. 474; 12 Ala. 264; 68 Miss. 117; 10 Ired. 287; 28 Hun, 446; 14 Am. Dec. 572; 25 Am. Dec. 102. It was error to refuse instruction No. 13 asked by defendant and instruction No. 14. 63 Ia. 529; 76 Mo. 660; 22 W. Va. 234; 46 Kan. 550. Malice must be proved. 30 Am. Dec. 617; 67 Wis. 350; 98 U. S. 187. The court should have authorized a verdict for defendant. Bishop, Non. Con. 240; 26 Am. Dec. 141.

*Pace & Pace,* for appellee.

BATTLE, J. On the 2d day of November, 1898, appellee brought this action in the circuit court of the Eastern district of Carroll county, Ark., and alleged: "That the appellant falsely, maliciously, and without any reasonable or probable cause whatever, charged appellee with the crime of grand larceny; that upon said charge he caused John Sisco, a justice of the peace, to issue a warrant for the apprehension of said appellee, and the bringing of her before said justice of the peace to be dealt with according to law; that on the 21st day of July, 1898, the appellant wrongfully, unjustly, falsely, and maliciously, and without any reasonable or probable cause therefor, caused and procured the appellee's arrest, and kept her imprisoned for six hours; that on the 25th day of July, 1898, appellant falsely, maliciously, and without any reasonable or probable cause, caused and procured the appellee to be carried in custody before the said justice of the peace for examination, and that appellant falsely and maliciously procured the justice of the peace to require appellee to give bail in the sum of $500; that on said 25th day of July, 1898, appellant caused said justice of the peace to certify all of the papers and minutes used in the examination of the cause before said justice of the peace to the circuit court of Carroll county, Ark., and to lodge said papers with the clerk thereof; that on the 15th day of August, 1898, the grand jury of the Eastern district of Carrroll county failed and refused to indict the appellee, and returned the papers into the court with the word "Dismissed" written thereon; that the appellee was fully acquitted and discharged by said court, and that she was not further prosecuted on said charge; that said prosecution was wholly ended; that appellee had been damaged in the sum of $.... in arranging her defense and the sum of $.... loss of business. Total damages, $6,000."

On the 22d day of February, 1899, the appellant filed his answer, in which he admitted that he had filed the affidavit before Sisco, charging the appellee with the crime of grand larceny; that the justice of the peace had issued his warrant, and that she had been arrested; that she was held by the justice of the peace after full examination on said charge to answer the same before the grand jury; that Sisco admitted her to bail in the sum of $500, which she gave; that, after she was bound to answer the charge by the justice of the peace, the grand jury dismissed the charge against

her; and that she was discharged. He denied that he caused her arrest without probable or reasonable cause, or that the same was done maliciously, and charged that there was reasonable and probable cause for believing that the appellee was guilty of larceny as charged in the affidavit, and that what he did was done in good faith and in an honest belief of her guilt.

A jury tried the issues in the case, and returned a verdict in favor of the plaintiff and against the defendant for $620. Judgment was rendered accordingly, and the defendant appealed.

The evidence adduced in the trial as to the existence of a probable cause for the prosecution of appellee for the crime of larceny as alleged in her complaint was conflicting, and made the existence of a probable cause at least questionable.

The circuit court, among other instructions as to probable cause, gave the following: "If, after considering all the facts and circumstances in evidence connected with the transaction, and of which the prosecution complained of arose, the jury find that a reasonably prudent, dispassionate person would have declined to cause the prosecution, then you would be authorized to find a want of probable cause." This instruction was calculated to mislead the jury, and should not have been given. In cases like this, a probable cause is such a state of facts known to the prosecutor, or such information received by him from sources entitled to credit, as would induce a man of ordinary caution and prudence to believe, and did induce the prosecutor to believe, that the accused was guilty of the crime alleged, and thereby caused the prosecution. *Foster* v. *Pitts*, 63 Ark. 387. The question in this case was not whether a prudent man would have declined, but whether all of the circumstances and facts in appellant's mind, and known to him, or made known to him by creditable persons, before he instituted the prosecution, were sufficient to cause a person of ordinary caution to believe, and did cause him to believe, that the appellee was guilty of the crime charged. The two questions are different. What might be sufficient evidence to convict of a malicious prosecution without probable cause according to one test might not according to the other.

Something was said by a witness and counsel in the trial about the appellant having disposed of his property during the pendency of this action. Such testimony was inadmissible in this cause.

For the error committed in instructing the jury in this case, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.