HALL v. ADAMS.

Opinion delivered March 19, 1917.

1.  EVIDENCE—MALICIOUS PROSECUTION—TESTIMONY AT EXAMINING TRIAL.—In an action for damages for malicious prosecution, evidence of statements of the defendant (in the malicious prosecution case) and his wife, made at the examining trial, are admissible.

2.  MALICIOUS PROSECUTION—BASIS OF THE ACTION.—To maintain an action for malicious prosecution, the existence of malice and probable cause must be shown, but malice may be presumed from evidence showing the want of probable cause; but the suit is not maintainable where defendant acted upon the advice of counsel, based upon a full statement of all the known facts.

3.  MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.—In an action for malicious prosecution, *held,* that defendant acted without probable cause, and that malice would be inferred from the evidence.

Appeal from Montgomery Circuit Court; *Scott Wood,* Judge; affirmed.

*Hal L. Norwood,* for appellant.

1.  It was error to permit witnesses for the plaintiff to testify as to what Mr. and Mrs. Hall testified in the examining trial.

2.  There was no malice and Hall had probable cause or was advised that he had, after stating all the facts to his attorney. This was a complete defense. 100 Ark. 316; 71 *Id.* 351; 107 *Id.* 74; 64 *Id.* 453; 82 *Id.* 252; 69 *Id.*

439; 96 *Id.* 325; 33 *Id.* 316; 32 *Id.* 166. If there was an honest belief that an offense had been committed, there was no liability. 82 Ark. 252; 32 *Id.* 763.

3. There must be both malice and want of probable cause. 32 Ark. 166, 763; 33 *Id.* 316; 63 *Id.* 387.

*Rector & Sawyer,* for appellee.

1. The testimony of Mr. and Mrs. Hall in the criminal cause was admissible. 71 Ark. 352.

2. Malice and want of probable cause are shown. 100 Ark. 316; 122 *Id.* 382; 107 *Id.* 74.

HUMPHREYS, J. Appellee recovered judgment in the Montgomery Circuit Court against appellant for $100 on account of a malicious prosecution for obtaining goods under false pretenses. An appeal from said judgment has been duly prosecuted to this court.

(1) The first assignment of error insisted upon for reversal is that the court erred in permitting appellee to make proof of the testimony given by Mr. and Mrs. Hall, wherein appellee was charged with obtaining goods under false pretenses. The alleged incompetent testimony was that given by Mr. Hall to the effect that he was present in his place of business and heard the conversation between Mrs. Foster, Pauline Adams and his wife, Mrs. Hall, at the time Pauline Adams signed the contract as security for Mrs. Foster, who had purchased certain goods from Hall; and the statement of Mrs. Hall to the effect that her husband was not in his place of business at the time this conversation occurred. At the time this testimony was offered by appellee, Hall had not testified. It was contended that the testimony was not admissible for any other purpose than to contradict Mr. Hall, should he take the stand and give the same testimony in this case that was given by him in the criminal prosecution. We do not think the position taken by counsel for appellant is tenable. The issue in the case at bar was whether or not Hall's prosecution in the criminal case was in good or bad faith. If Mrs. Hall's testimony in the criminal prosecution was correct on this point, then the testimony given

by Mr. Hall was incorrect, and admissible as a circumstance to show whether or not his prosecution of appellee in the criminal case was in good or bad faith.

(2) The second assignment of error insisted upon for reversal is that there was no testimony tending to show that appellant was actuated by malice or that he had no probable cause to have appellee arrested. The law applicable to malicious prosecutions is clearly laid down in the case of *Price* v. *Morris,* 122 Ark. 382. In that case, the court decided that malice and want of probable cause must exist, but that malice might be inferred from the evidence showing the want of probable cause; also that where the defendant acted upon the advice of learned counsel, based upon a full statement of all the known facts, a suit for malicious prosecution would not lie. It becomes necessary to review the facts in order to ascertain whether appellant had probable cause for instituting the criminal prosecution against appellee; and whether the facts tending to show a want of probable cause are also sufficient from which to infer malice.

(3) The facts in the case are substantially as follows: Mrs. Foster purchased and received a suit and furs from W. H. Hall on December 30, 1914, on the installment plan, and signed a combination receipt and contract providing that the title to the property should not pass until the purchase price should be paid. Mrs. Kleeman signed the contract as security for Mrs. Foster. In April following, Mrs. Kleeman desired to be released from the obligation, and appellee signed the contract as surety for Mrs. Foster. W. H. Hall required all sureties on these contracts to be owners of furniture. Appellant's testimony tended to show that at the time appellee signed the contract, she stated to Mrs. Hall that she ran a rooming house at 224 Court Street, and owned her own furniture. Appellee denied making the statement. There is a sharp conflict in the evidence in this regard. Mrs. Foster paid $14 on the contract before appellee signed, and $4 thereafter, leaving a balance of $11 due Hall in May, when Mrs. Foster left the city of Hot Springs, tak-

ing her suit and furs. On the 25th day of May, appellee and a lady friend started to California. She was arrested on the train at Benton and brought back to Hot Springs, where she was prosecuted by W. H. Hall for obtaining the suit and furs under false pretenses. On the trial she was acquitted. During the prosecution, W. H. Hall testified that he was present at the time appellee signed the contract, and heard her tell Mrs. Hall that she was the owner of furniture. The witnesses were under the rule, and Mrs. Hall squarely contradicted him on this point. Hall did not testify in the case at bar. Before Hall made affidavit and procured the warrant for appellee, he consulted the constable, two justices of the peace, and either just before or just after, consulted his attorney, V. S. Ledgerwood. They all advised arrest and prosecution. In stating the case to his attorney over the telephone, Hall never mentioned the contract. The substance of his statement to them all was that appellee had bought or leased goods from him, either for herself or some one else, and was leaving the city with the goods; that at the time the goods were obtained, appellee represented that she was the owner of furniture at 224 Court Street, and that he had ascertained the representation to be false. From the above statement of facts, it is apparent that there was sufficient evidence in the record to support the finding of the jury that the prosecution was without probable cause; also, ample evidence from which the jury might infer malice. It is true the record discloses the fact that Hall acted on the advice of counsel, but in order to justify on that account, he must have made a full disclosure of all the facts to his counsel at the time he received the advice upon which he acted.

The judgment is affirmed..