WILLIAMS *v*. ORBLITT.

Opinion delivered November 26, 1917.

1. MALICIOUS PROSECUTION—FINAL TERMINATION OF THE PROSECUTION.—Appellee had appellant arrested charged with petit larceny. The case was called in the mayor's court, and dismissed because the appellee failed to make bond for costs. Appellant then sued appellee for malicious prosecution. *Held*, for the purposes of the latter action the judgment of the mayor constituted a final termination of the prosecution.

2. MALICIOUS PROSECUTION—MALICE AND PROBABLE CAUSE—JURY QUESTION.—Appellee believing that appellant had stolen an article in his store, caused her to empty a sack which she was carrying. The article was not found in the sack but was found nearby on the floor. Appellee caused appellant to be arrested, charged with petit larceny. Appellant brought an action against appellee for malicious prosecution. The lost article not being found in appellant's sack, and appellee failing to testify that he thought the article was in appellant's sack, it was the duty of the trial court to let the jury pass upon the reasonableness and sincerity of appellee's belief.

3. MALICIOUS PROSECUTION—MALICE—PROBABLE CAUSE.—While there may be no affirmative showing of malice, its existence may be inferred if there is a lack of probable cause, and these questions should be submitted to the jury.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*S. A. D. Eaton,* for appellant.

1. A motion for peremptory instruction concedes as true the evidence in behalf of the adverse party. 38 Cyc. 1563; Thompson on Trials, (2 Ed), § 2267; 89 Ark. 522; 115 *Id.* 166; 92 *Id.* 618; 96 *Id.* 394; 89 *Id.* 222, 372; 4 C. J. 765. The case should have been submitted to a jury.

2. There was want of probable cause and malice and a case for a jury. 76 Ark. 540; 99 *Id.* 490. There was substantial evidence to warrant a verdict by a jury. 98 Ark. 334; 100 *Id.* 71; 128 Ark. 347.

3. In an action for malicious prosecution, a jury may infer malice from want of probable cause. 37 Ark. 160; 94 *Id.* 433; 63 *Id.* 387; 32 *Id.* 166.

*T. W. Campbell* and *W. L. Pope,* for appellee.

1. A verdict was properly directed. The evidence failed to show lack of probable cause, malice or any final determination of the suit. 97 Mo. 390; 8 Cow. (N. Y.) 141; 4 Vt. 363. See also 122 Ark. 382; 124 *Id.* 26.

2. The burden was on appellant to show malice. 101 Ark. 37; 63 *Id.* 387; 26 Cyc. 47.

3. It is not shown that the prosecution was finally ended. 25 Cyc. 55; 76 Ill. 224; 160 Pa. St. 119; 38 Kan. 567; 43 N. J. L. 57; 103 Ky. 610.

SMITH, J. This suit was instituted by appellant to recover damages on account of an alleged malicious prosecution, and in support of her cause of action she offered the following testimony. The mayor of Pocahontas testified that appellee swore out before him on October 20, a warrant of arrest for appellant, charging her with petit larceny; that she gave bond for her appearance on Oc-

tober 24, and appeared in court on that day to answer the charge. Appellee was present with an attorney representing the prosecution, but no trial was had as a bond for costs was demanded; and when none was given the cause was dismissed for want of bond for costs. Appellant herself testified that she had made some purchases in appellee's store, which she put in a sack which she had with her for that purpose. Appellee's wife came to her and wanted to look into the sack and stated that another customer had lost a little roll, and the sack was emptied but the missing article was not found. Appellant replaced her things in the sack, and started to leave the store, when appellee came to her and said, "Lady, you are going to empty out your sack," and appellee emptied its contents on the floor between a table and a counter, and her purchases, which had been wrapped in separate packages rolled in different directions, and appellee reached under a table and picked up a skirt, remarking at the time, "Here is what you had in your sack, I guess." Shortly thereafter the warrant of arrest was sworn out. The garment picked up was a knit skirt, and was not wrapped up, but had not been in her sack, as she had in it only packages which were wrapped up. There was some other testimony tending to show the excitement occasioned by the incident, and the humiliation sustained as a result of it, together with certain circumstances tending to show appellant's innocence of the charge. No testimony was offered on the part of appellee, and a verdict was directed in his favor, and this appeal has been prosecuted to reverse that action.

Appellee seeks to justify the action of the court on the grounds, that the testimony failed to show a final determination of the prosecution, or a lack of probable cause, or the existence of malice.

(1) The mayor before whom the prosecution was pending testified that he had dismissed the case for the want of a bond for costs, and this action constituted a final termination of the prosecution for the purposes of this suit. *Twist* v. *Mullinix,* 126 Ark. 427.

(2)   Appellee argues that appellant's testimony— that appellee said, when he emptied the sack, ''Here is what you had in your sack, I guess,'' and that he then exhibited the article which he said was lost—shows that appellee thought he had conclusive proof of her guilt, and that he, therefore, had probable cause for procuring her arrest.   But the undisputed testimony does not show that the stolen garment was found in her sack. Upon the contrary, appellant testified that it was not found in her sack, and no one disputed that statement.   Appellee may have thought the garment was in the sack, and that it had been stolen from him (but he did not so testify), and the jury should have been permitted to pass upon the reasonableness and sincerity of this belief.

(3)   Upon the subject of malice, it may be said that, while there was no affirmative showing of malice, its existence may be inferred if there was a lack of probable cause.   These questions should have been submitted to the jury, and for the error of the court in not so doing, the judgment is reversed and the cause remanded for a new trial.