Wm. R. Moore Dry Goods Company v. Mann.

Opinion delivered June 7, 1926.

1. Malicious prosecution—nature of action.—To justify an action for malicious prosecution, both want of probable cause and malice must be shown.

2. Malicious prosecution—probable cause—advice of counsel.—The rule that it is conclusive evidence of probable cause and a good defense to an action for malicious · prosecution that, in instituting the prosecution, defendant acted upon the advice of counsel learned in the law, after placing before him all the facts in defendant's possession, held applicable to an action for maliciously bringing a civil suit, as well as to an action for instituting a criminal prosecution.

3. Malicious prosecution—probable cause.—Generally, the want of probable cause in an action for malicious prosecution is a mixed question of law and fact to be submitted to the jury; but, in the absence of a dispute as to the facts, the court should declare their legal effect, without the intervention of a jury.

4. Malicious prosecution—province of court.—Where there was no testimony in an action for malicious prosecution to prove malice or want of probable cause, it was error to refuse a peremptory instruction for defendant.

Appeal from Crittenden Circuit Court; *G. E. Keck,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action by appellee against appellant to recover damages for having maliciously and without probable cause instituted an action in the Crittenden Chancery Court to have set aside as fraudulent a deed executed to appellee to certain lands in Crittenden County, Arkansas.

The appellant answered and admitted that it instituted a suit against appellee to set aside as fraudulent a deed to the lands described in the complaint in that action, but denied that it was brought with malice and without probable cause.

The record shows that on the 12th day of July, 1922, the Wm. R. Moore Dry Goods Company, the appellant herein, brought a suit in equity against R. T. H. Cham-

bers and appellee, Marie Chambers Mann, to cancel and set aside a deed to certain lands executed by R. T. H. Chambers to Marie Chambers Mann as being executed in fraud of their rights as a creditor of the former.

The complaint alleges that R. T. H. Chambers was indebted to the Wm. R. Moore Dry Goods Company in the sum of $678.53 for merchandise. A judgment for said amount rendered in the chancery court of Shelby County, Tenn., was exhibited with the complaint.

On the same day Wm. R. Moore Dry Goods Company filed a *lis pendens* notice in the Crittenden Chancery Court. The complaint of the Wm. R. Moore Dry Goods Company in that action was dismissed for want of equity.

On April 4, 1921, Robert Mann and his wife, Marie Chambers Mann, executed a deed to said lands to R. T. H. Chambers for a consideration which is recited in the deed. These were the same lands that are described in the *lis pendens* notice, and the deed was filed for record June 25, 1921.

On June 22, 1921, R. T. H. Chambers executed to Marie Chambers Mann a deed to the same lands for the same consideration as that recited in the deed from Robert Mann and wife to Chambers. This deed was duly filed for record on January 18, 1922.

On July 5, 1922, E. C. Connor made a contract with Robert Mann, as agent for his wife, Marie Chambers Mann, to purchase the lands in question. After the filing of the *lis pendens* notice in the chancery suit above referred to, Connor declined to purchase the lands, and appellee lost the sale of the lands. According to the testimony of E. C. Connor, he was able to pay for the lands, and failed to complete his purchase for the sole reason that the *lis pendens* notice had been filed.

The chancery suit of appellant against Chambers and appellee was brought upon the advice of counsel. The testimony on this branch of the case will be stated and discussed in the opinion.

The jury returned a verdict for the appellee, and appellant has duly prosecuted an appeal to this court.

*Canada & Williams* and *R. V. Wheeler,* for appellant.

*Rudolph Isom* and *T. H. Caraway,* for appellee.

HART, J., (after stating the facts). It is earnestly insisted by counsel for appellant that the evidence is not legally sufficient to support the verdict.

At the outset it may be stated that, to justify an action for malicious prosecution, both want of probable cause and malice must be shown. *Keebey* v. *Stifft,* 145 Ark. 8, and cases cited.

It is well settled in this State that proof that the defendant in an action for malicious prosecution acted upon the advice of counsel learned in the law, or upon the advice of the public prosecutor, given after a full and fair statement of all the known facts, will be a complete defense to an action for malicious prosecution, because it is conclusive evidence of the existence of probable cause. *Kansas & Texas Coal Co.* v. *Galloway,* 71 Ark. 351; *L. B. Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316; *Laster* v. *Bragg,* 107 Ark. 74; *Price* v. *Morris,* 122 Ark. 382; and *Redman* v. *Hudson,* 124 Ark. 26.

There has been some confusion in this State as to whether the rule with regard to the advice of counsel as a defense to an action for instituting a criminal prosecution is applicable to an action for maliciously bringing a civil suit.

In the early case of *Lemay* v. *Williams,* 32 Ark. 166, it was held that, if a party makes a full statement of the facts to his counsel and acts under his advice in the prosecution of an attachment against the property of his debtor, this would be strong, but not conclusive, evidence of the want of malice.

In the subsequent case of *Kansas & Texas Coal Co.* v. *Galloway,* 71 Ark. 351, the holding in this case was overruled. It is true that the Galloway case was a suit for damages for malicious prosecution in instituting a proceeding for a criminal contempt; but no stress seems to have been laid upon this fact, and the holding in the *Lemay* v. *Williams* case was overruled.

It also appears from the later case of *Harr* v. *Ward,* 73 Ark. 437, that the same rule applies with regard to the advice of counsel as a defense to suits for malicious prosecution, whether based upon the institution of criminal prosecutions or civil actions, and that the rule is that, where one fairly and fully communicates to his counsel all the facts within his knowledge and uses reasonable diligence to ascertain the truth, and acts in good faith upon advice received from counsel, this will constitute an absolute defense to an action for malicious prosecution.

In *Stewart* v. *Sonneborn,* 98 U. S. 187, in discussing the question, the court said: "It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it is shown affirmatively that he was actuated in his conduct by malice, or some improper or sinister motive. Malice is essential to the maintenance of any such action, and not merely (as the circuit court thought) to the recovery of exemplary damages. Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both classes at the present day require substantially the same essentials. Certainly an action for instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution for a criminal proceeding."

Indeed, there is more reason for the rule in suits for malicious prosecution based upon civil actions than in those predicated upon criminal prosecutions. Under our system of laws, the advice of the prosecuting attorney might be sought before an arrest was made, but where a civil action was to be commenced the party originating it must act upon his own advice, or upon the advice of private counsel. When a person resorts to the advice of reputable counsel learned in the law and makes a full and fair disclosure of the facts in his possession, and in good faith acts upon the advice of counsel, this ought to protect him from a suit for damages for malicious prosecution. The reason is that the party

acting has done all that he could be expected to do to enable him to act safely. If this course of conduct did not protect him, no one would feel safe in seeking redress for his civil wrongs in the courts.

Generally, "want of probable cause" is a mixed question of law and fact, and should be submitted to the jury under proper instructions; but, where there is no dispute about the facts, it is the duty of the court to apply the law to them and declare their legal effect without the intervention of a jury.

There is no dispute about the facts in this case, and nothing from which a jury might legally infer that appellant was actuated by malice, express or implied, or that there was want of probable cause in bringing the chancery suit to set aside the deed from Chambers to Mrs. Mann. Appellant had obtained judgment against Chambers for $678.53 for merchandise sold by it to him. Chambers had a tract of land of several hundred acres near Cotton Plant, Woodruff County, Arkansas; but an investigation by appellant showed that this was incumbered for about all that it was worth. Chambers had about 500 acres of land there, and it was incumbered for something between $25,000 and $50,000. Chambers also had a contract for construction work at Helena, and a large payroll. Appellant sent its claim to a firm of attorneys at Helena, and the claim was returned with a report that he was hopelessly insolvent. Later on Chambers was adjudged a bankrupt.

On May 2, 1922, appellant wrote Berry & Wheeler, a firm of reputable attorneys at Marion, in Crittenden County, Ark., to collect their account against Chambers. They informed appellant that Chambers owned about 600 acres of land in Crittenden County, Ark., and that he was trying to dispose of it. His residence was given as Memphis, Tenn., and the attorneys were asked to attach the real estate, on the ground that Chambers was a nonresident. The letter concludes as follows:

"This account represents goods shipped this debtor in 1920. We are given no consideration whatever, we

consider it a dangerous account, and we ask therefore that you will immediately look up the records on the real estate and attach the same. The writer will appreciate highly your writing us immediately, whether or not you will be able to subject this real estate to our debts.'' On May 5, 1922, Berry & Wheeler replied as follows:

''On April 4, 1921, he received a deed from Robert Mann and wife, Marie C. Mann, for 580 acres of land. Then on June 22, 1921 (three days before the deed to him was filed for record), he deeded this property to Marie Chambers Mann, which deed was not filed for record until January 18, 1922. The two deeds show exactly the same consideration. It appears suspicious to us that this occurred in this way, but we have no knowledge of any other facts constituting fraud. If Chambers has no other property, it would probably be advisable to institute suit in chancery to set aside the deed to Mrs. Mann for fraud, and advise that the suit, if one is to be started, be brought at once.''

Again, on May 18, 1922, Berry & Wheeler wrote to appellant, stating that it would be hard to get any other evidence of fraud except such as might be elicited on cross-examination of the interested parties. Appellant was advised that attorneys could not assure it of any success in the handling of the suit, but advised the bringing of the suit if it turned out that Chambers had no other property out of which to make the debt. Appellant was advised that there was no possibility of damages against it for bringing the suit.

Subsequently Berry & Wheeler brought suit in the chancery court against appellee and Chambers to set aside the deed from the latter to the former. The suit was not successful, because appellant was not able to secure any other evidence of fraud than that above stated.

It is not contended that appellant was actuated by express malice in bringing the suit in chancery to set aside the deed, and we do not think implied malice can be legally inferred from the circumstances recited.

Appellant stated all the facts within its knowledge to a firm of reputable attorneys, and acted upon their advice in bringing the suit. It is true that they were not able to obtain sufficient testimony to warrant the chancellor in setting aside the deed as having been executed in fraud of the rights of appellant as a creditor of Chambers. Chambers and Mrs. Mann were brother and sister, and this fact, coupled with the fact that the deed in question was withheld from the record for about six months, and that Chambers, although a man of large affairs, was failing and refusing to pay a debt of between $600 and $700, show that there was no want of probable cause, and that appellant acted in good faith in bringing the suit in chancery to set aside the deed from Chambers to Mrs. Mann. An investigation had shown that there was no other property subject to the judgment of appellant, and its purpose seems to have been to collect its debts in the only way available to it.

It is shown in this case that Chambers had an automobile in Memphis at this time, but it is not shown that appellant knew of this fact. In any event, the automobile was only worth about $600, and this would not have satisfied the debt and costs of appellant against Chambers. It is not shown that appellant had any ill feeling whatever against Chambers, or that it was actuated by any other motive than that of collecting its debt in the manner advised by a firm of reputable attorneys.

If every man who brings a suit against another upon the advice of reputable attorneys, after having acted upon all the available information given them, is responsible in damages for the consequence of this action, if he fails in his suit, then no one would dare resort to the courts to redress his wrongs, and the result would be to encourage fraud and concealment of their affairs by debtors. The successful prosecution of civil actions may fail from many causes independent of the right or wrong of the matter. Hence, in order to maintain a suit for damages for malicious prosecution, it is necessary for the

plaintiff to prove malice, express or implied, and the defendant may justify by showing that he has acted upon the advice of counsel in good faith after making a full and fair disclosure to him of all the facts in the premises.

This court has held that it is not error to give a peremptory instruction for the defendant in an action for malicious prosecution where there was no testimony tending to prove malice or want of probable cause. *Price* v. *Morris,* 122 Ark. 382; *Scott* v. *Pennington,* 151 Ark. 26; and *Keebey* v. *Stifft,* 145 Ark. 8.

The request of the defendant for a peremptory instruction should have been granted; and, for the error in refusing to give it, the judgment is reversed, and, inasmuch as the facts seem to have been fully developed, the cause of action will be dismissed here.