MALVERN BRICK & TILE Co. *v.* HILL.

5-2268                                                                    342 S. W. 2d 305

Opinion delivered January 16, 1961.

*Joe W. McCoy, Wootton, Land & Matthews,* for appellant.

*James C. Cole* and *Gerald W. Scott,* for appellee.

ED. F. MCFADDIN, Associate Justice. Appellee, A. J. Hill, filed this action for damages for malicious prose-

cution, naming as defendants Every Mendenhall, F. P. Garvan, and Malvern Brick & Tile Company. There was a jury verdict and judgment for the plaintiff against all of the defendants for $750.00 actual damages and $250.00 punitive damages; and this appeal challenges the said judgment.

Malvern Brick & Tile Company (hereinafter sometimes called "Malvern")—as its name implies—is a company engaged in the manufacture of brick and tile in Malvern, Arkansas; F. P. Garvan at all times herein involved was the executive vice-president of the said Company; and Every Mendenhall was an employee of the said Company. In September 1959 there arose a labor dispute between Malvern and its employees. Some of the workers went out on strike and formed a picket line, but Mendenhall continued to work notwithstanding the strike. Some time during the night of October 10, 1959 several shots were fired into the home of Mendenhall, and he saw some persons running away from his house, entering an automobile, and driving away. Mendenhall drove in his car from his home to a store nearby for the purpose of calling law enforcement officers to make an investigation. After he reached the store and as he was enroute from his car to the telephone, Mendenhall was assaulted and beaten by a group of persons. He claimed to have recognized his assailants. Mendenhall's wife and father-in-law had followed him in another car, and they arrived on the scene in time to stop the fight before serious injuries were suffered by anyone.

The foregoing occurred on Saturday night, October 10, 1959. On Monday morning, October 12th, Mendenhall went to the office of Malvern and reported the occurrence to Mr. Garvan and named the persons whom he said had assaulted him. After a short time, Garvan and another employee took Mendenhall and another worker to the office of the Prosecuting Attorney in Malvern; and Mendenhall related what he said the facts were, and signed an affidavit for a warrant of arrest against seven persons, being: J. L. Watkins, Charlie James Carroll, Ralph T. Junior, J. W. Blackmon, Willie

Carroll Williams, M. T. Dedmon, and A. J. Hill. The persons named in the affidavit[1] were charged with assault and battery. The prosecution was not on information filed by the Prosecuting Attorney, but on an affidavit for warrant of arrest made by Mendenhall; and Malvern posted approximately $100.00 as advance court costs to insure the prosecution of the seven named persons. Each was arrested and tried in the Municipal Court of Malvern; and all of those named were found guilty of assault and battery with the exception of A. J. Hill: he was acquitted because he testified that he was not present at the time and place when Mendenhall was assaulted.

Then, on January 21, 1960, A. J. Hill filed the present action for malicious prosecution against Mendenhall, Garvan, and Malvern. As aforesaid, the verdict and judgment in the malicious prosecution case was in favor of Hill and against each of the defendants for $750.00 actual damages and $250.00 punitive damages; each of the defendants has appealed; and each urges in this Court that the evidence was insufficient to support the verdict. Before discussing the situation as to each appellant, it is well that we state the applicable law. In an action for malicious prosecution the burden is on the plaintiff to establish that the defendant acted maliciously *and* without probable cause, in prosecuting the plaintiff. In short, malice *and* want of probable cause are essential elements in an action for malicious prosecution. *Foster* v. *Pitts*, 63 Ark. 387, 38 S. W. 1114; *Kable* v. *Carey*, 135 Ark. 137, 204 S. W. 748, 12 A.L.R. 1227; *Keebey* v. *Stifft*, 145 Ark. 8, 224 S. W. 396; *Wm. R. Moore D. G. Co.* v. *Mann*, 171 Ark. 350, 284 S. W. 42; *Gazzola* v. *New*, 191 Ark. 724, 87 S. W. 2d 68. At the close of the testimony, each defendant moved for an instructed verdict; and the question presented is, whether the evidence was sufficient to take the case to the jury, either (1) as against Mendenhall, or (2) as against Garvan and Malvern. We discuss these points separately.

---

[1] It is conceded that the first affidavit for warrant of arrest was defective in failing to have the completed jurat; and that an affidavit containing the same names was subsequently completed.

I. *Was The Evidence Sufficient To Support The Verdict Against Mendenhall?* We have previously sketched some of the background facts, but there were other facts shown which have a direct bearing on the question here posed. Mendenhall caused Hill's arrest for assault and battery alleged to have been committed on Mendenhall on Saturday night, October 10th. Hill was acquitted of the charge of assault and battery; and then instituted the present malicious prosecution proceedings, claiming that Mendenhall, in prosecuting Hill for assault and battery, was guilty of malice and had acted without probable cause. Watkins, Junior, Blackmon, Carroll, Williams, and Dedmon were the other six persons named by Mendenhall in his affidavit for the warrant of arrest. Each of those persons was convicted; and yet in the present case each one of those persons testified that A. J. Hill was *not* present when Mendenhall was assaulted. Hill and his wife testified that they were either at home or visiting with friends a short distance from their home on the night of October 10th and were all the time a considerable distance from the place where Mendenhall was assaulted. Thus, there was evidence from which the jury could have found—as it apparently did—that Hill was not a party to the attack on Mendenhall.

Did Mendenhall have probable cause for naming Hill as one of his attackers? If Mendenhall had testified that he was so excited by the attack that he mistook some other person for Hill, then the jury might have thought that Mendenhall had acted with probable cause. But at this malicious prosecution trial, Mendenhall stoutly insisted that Hill was one of his attackers,[2] and Mendenhall called his wife and his father-in-law to substantiate his testimony as to Hill's participation in the attack. Thus, when the jury in the case at bar found that Hill was not one of Mendenhall's assailants, the jury could have also found that Mendenhall had acted

---

[2] In 43 A.L.R. 2d p. 1048, there is an annotation entitled: "Liability in malicious prosecution for instigation or continuation of prosecution of plaintiff mistakenly identified as person who committed an offense."

without probable cause in naming Hill, and also the jury might well have inferred that Mendenhall had named Hill as one of the assailants and obtained the supporting testimony, all out of a spirit of malice, if there was no probable cause shown for naming Hill. We have several cases which say that malice may be inferred when there is lack of probable cause, even though there was no express showing of malice. *Hall* v. *Adams,* 128 Ark. 116, 193 S. W. 520; *Williams* v. *Orblitt,* 131 Ark. 408, 199 S. W. 91; and *La. O. Ref. Corp.* v. *Yelton,* 188 Ark. 280, 65 S. W. 2d 537.

To summarize: in the malicious prosecution case Mendenhall attempted to prove Hill's guilt in the assault case as a complete defense to the malicious prosecution action (*Whipple* v. *Gorsuch,* 82 Ark. 252, 101 S. W. 735, 10 L.R.A., N.S. 1133); and when Mendenhall failed to prove such guilt, the failure showed want of probable cause, and also boomeranged into an inference of malice. We have detailed sufficient evidence to support the verdict against Mendenhall on the point urged by him.

II. *Was The Evidence Sufficient To Support The Verdict Against Garvan And Malvern?* As heretofore stated, before Hill could recover from these defendants he had to establish (1) that they acted without probable cause *and* (2) that they acted with malice, in aiding Mendenhall as they did: *i. e.,* taking him to the Prosecuting Attorney, advancing the court costs, and being present—if they were—at the criminal trial. See *Gordon* v. *McLearn,* 123 Ark. 496, 185 S. W. 803. What is the evidence against Garvan and Malvern? Mendenhall told them that Hill was one of his assailants. Not only did Mendenhall tell them that Hill was one of the assailants, but Mendenhall made an affidavit to that effect. Garvan and Malvern acted only as a good employer would have acted under such circumstances. In malicious prosecution cases we have defined the words, "probable cause," as, "such a state of facts known to the prosecutor, or such information received by him from sources entitled to credit, as would induce a man of ordinary caution and prudence to believe, and did

induce the prosecutor to believe, that the accused was guilty of the crime alleged, and thereby caused the prosecution.'' *Hitson* v. *Sims,* 69 Ark. 439, 64 S. W. 219; *Whipple* v. *Gorsuch,* 82 Ark. 252, 101 S. W. 735, 10 L.R.A., N.S. 1133. When Mendenhall told Garvan and Malvern that he had been assaulted, he also told them that bullets had been fired into his house. Garvan went to the house and found where the bullets had been fired into it. It was not Garvan's duty to consult with each of the named assailants before taking Hill's word for the statements. *Kans. & Tex. Coal Co.* v. *Galloway,* 71 Ark. 351, 74 S. W. 521, 100 Am. St. Rep. 79. In the annotation in 43 A. L. R. 2d p. 1048, cases from several jurisdictions are cited to sustain this statement: ''Where the defendant in good faith has relied on an apparently sound identification by some other person, the Courts have held that there is no liability in malicious prosecution.''

Furthermore, the evidence established without contradiction that when Mendenhall went to the office of Malvern on Monday morning, October 12th, and told Garvan of the assault, then before doing anything, Garvan consulted immediately with the regular retained attorneys of Malvern.[3] Garvan and Malvern relied on the advice of competent and qualified counsel. We have a long list of cases in Arkansas—and the general rule

---

[3] Here is Garvan's testimony, which stands uncontradicted:

''. . . he showed me a bullet that had been removed from a wall outside. I called Mr. Glover, the Prosecuting Attorney; but, before doing that, I called Wootton, Land and Matthews over in Hot Springs.

Q. For what purpose?

A. To ask them as to what procedure we should take, as they are counsel for the firm, for the Malvern Brick & Tile Company.

Q. Mr. Garvan, you, I believe, are an attorney yourself, are you not?

A. I am.

Q. At the time that you were involved in this incident were you making these legal decisions and judgments for yourself, or were you relying upon the attorneys' advice?

A. No. I relied upon the attorneys' advice, sir. I do not act as attorney for the company; I act as an executive for the company and we have outside attorneys for the company.

Q. Were you directed by your attorneys as to what should be done?

A. Yes.

Q. Did you follow their advice and directions that were given to you?

A. I did.''

over the country is to the same effect—that when one recites the full facts to a competent attorney and acts on the advice of such attorney, such is a complete defense against the charge of acting without probable cause. *Kans. & Tex. Coal Co.* v. *Galloway,* 71 Ark. 351, 74 S. W. 521, 100 Am. St. Rep. 79; *L. B. Price Merc. Co.* v. *Cuilla,* 100 Ark. 316, 141 S. W. 194; *Redmon* v. *Hudson,* 124 Ark. 26, 186 S. W. 312; *Jennings Motors* v. *Burchfield,* 182 Ark. 1047, 34 S. W. 2d 455. In view of these cases, it is clear that Garvan and Malvern, by acting on the advice of competent counsel, entirely dispelled any claim that they acted without probable cause; and until Hill could establish that Garvan and Malvern acted without probable cause, he could not hold them liable in this malicious prosecution action. Therefore, as to Garvan and Malvern, the judgment is reversed and dismissed.

The net result of the entire case is, that the judgment against Mendenhall is affirmed at the cost of Mendenhall; and that the judgment against Garvan and the Malvern Brick & Tile Company is reversed and dismissed at the cost of Hill.

HOLT, WARD & ROBINSON, JJ., dissent as to the affirmance.

WARD J., dissenting.

I respectfully dissent to that part of the majority opinion which affirms the judgment against Mendenhall. In my opinion there is no substantial evidence in the record to sustain the judgment.

To properly understand the exact issue in this case, a true picture of the facts is necessary. Briefly, but essentially, it is as the following:

Some people in an automobile fired shots into Mendenhall's home on a Saturday night. He, his wife, and his father-in-law then went up town in an effort to apprehend the raiders. There several people jumped on him and gave him a severe beating. He had Hill and five other men arrested. All were found guilty except Hill. Then Hill sued Mendenhall for malicious prosecution.

Before Hill was entitled to recover he had the burden of proving Mendenhall did not have reasonable grounds to *believe* Hill was present and took part in the fight. See: *St. Louis, I. M. & S. Ry. Co.* v. *Tyus,* 96 Ark. 325 (at page 331), 131 S. W. 682, where the applicable rule was stated by this court in these plain and concise words: "While slight and groundless suspicion would not be sufficient, a belief or suspicion, well founded or based upon reasonable and probable ground, would be."

What did Hill prove in this case to show Mendenhall did not have a good reason to think he was present? Merely and *solely* that five of Hill's co-defendants didn't see him there. Some of them said it was too dark to see everyone; some said they only meant that Hill was not in the car with them. At best, this was negative testimony.

In my opinion the above was not sufficient to sustain a judgment against Mendenhall. In the case of *McNeal* v. *Millar,* 143 Ark. 253, 220 S. W. 62 and also in 34 Am. Jur. at page 783, it is made clear that it is of no significance that, on the trial of Hill, he came clear. This is true because it has nothing to do with Mendenhall's good faith. Likewise and for the same reason no significance should be attached to the fact that the jury, in this case, found Hill was not guilty or was not present. Hill's own witness testified that Mendenhall had no reason to be mad at Hill.

What positive evidence was there to show Mendenhall acted in good faith in having Hill arrested? One, his wife said Hill was present. Two, his father-in-law said Hill was present. Three, he said Hill was present and that Hill was the one who kicked him most when he was on the ground.

Could Hill have been present? The uncontradicted evidence shows that he left his house that night at a time consistent with his presence at the fight.

The majority opinion in effect says that if Mendenhall had just told the jury he was honestly mistaken the result might have been different. This is an admission that it was not sufficient for the jury to find Hill was not

there. Yet the burden was on Hill and still all he tried to prove was his absence and nothing more. In my opinion all of the positive proof in this record tends to show Mendenhall acted in good faith.

The reason why I lay such stress on this matter is that I think the implications of the majority opinion tend to discourage good citizens from cooperating in law enforcement, and they could lead to great injustices. A simple example will illustrate. Three hoodlums, A, B, and C rob and beat D (who is wealthy) in the presence of his wife and son. D has the hoodlums arrested and A sues D for malicious prosecution. B and C swear A was not present, and D and his wife and son swear they saw A. Then what? I shudder to think of this court sanctioning a rule that would allow A to win. Yet, in some way, I think this is what the majority opinion has done.