THRIFTY RENT-A-CAR a/k/a COMMERCIAL LEASING SYSTEMS, INC. *v.* Charles Ricky JEFFREY

74-319                                              520 S.W. 2d 304

Opinion delivered March 31, 1975

*Stubblefield & Matthews,* for appellant.

*Richard J. Orintas,* for appellee.

FRANK HOLT, Justice. Appellant's manager caused appellee to be arrested for larceny by a bailee pursuant to Ark. Stat. Ann. § 41-3929 (Repl. 1964). The prosecutor later dismissed the charge. Appellee thereafter brought suit for malicious prosecution. A jury awarded appellee $1,500 compensatory and $1 punitive damages. Appellant was awarded $1,225 on its cross-complaint against appellee for damages to its automobile during the bailment. Appellant first asserts for reversal that the trial court erred in denying its motion for a directed verdict and argues there was insufficient evidence that the criminal action was instituted without probable cause.

In determining the sufficiency of the evidence on appeal, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and affirm if there is any substantial evidence to support the finding of the jury. *Green* v. *Harrington,* 253 Ark. 496, 487 S.W.2d 612 (1972). There we said that upon appellate review it must appear "there is no reasonable probability that the incident occurred as found" by the factfinder. Furthermore, it is well established that upon appeal we consider only the evidence of the appellee or that portion of all the evidence which is most favorable to him. *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S.W.2d 689 (1935); and *Washington Natl. Ins.* v. *Meeks,* 252 Ark. 1178, 482 S.W.2d 618 (1972).

The appellee was employed at a place of business near that of the appellant. The appellee became acquainted with appellant's manager and expressed an interest in buying one of their rental cars. Appellee's version of the bailment, which was contradicted by appellant, was that appellant permitted him, by a verbal agreement, to have the car on a Friday afternoon with the understanding that he would return or purchase the car on the following Monday. Appellee expressed a desire to show it to his wife, his insurance adjuster to determine the insurance rates, and have a mechanic inspect the brakes and front end alignment. He was told there was no restriction as to the mileage he could put on the car and neither was he limited to keeping it in Little Rock. It was appellee's understanding that he "could drive it wherever [he] pleased". He drove the car to Batesville where he spent Friday night and showed the car to his and his wife's families. Saturday morning they went fishing. That evening they attended a show and then after putting the children to bed, he and his wife went "riding around in the car." He accidentally lodged the car on an asphalt ramp at a dam site causing the damages. He was unable to locate appellant's manager on Sunday and drove the car back to Little Rock. On Monday morning (not having seen his insurance agent or mechanic) he called appellant's manager and advised him about the damaged car. As requested, appellee returned the car.

Appellant's manager denied that the bailment existed

longer than Friday or one day. He and appellee discussed settlement of the damages to the car. Appellee said that he would "try to work something out with him" and "give me a little time." Several days later, appellee moved from Little Rock to Memphis to other employment. A few days later the appellant contacted the prosecuting attorney and had a warrant issued for the appellee upon a charge of larceny by a bailee. Appellee testified that appellant's manager knew that he was in the process of moving. The manager did not secure a written estimate of the cost of the damages to the car until after the criminal action had been dismissed in criminal court. He acknowledged that he could have filed a civil suit. However, he thought the appellee was "judgment proof." Also that he considered the appellee had "broken the law" and "should be punished."

In an action for malicious prosecution, the burden is on the plaintiff to show that the defendant acted maliciously and without probable cause. *Malvern Brick and Tile Co.* v. *Hill*, 232 Ark. 1000, 342 S.W.2d 305 (1961). Only when the facts relied upon as constituting probable cause are undisputed, then the question becomes one of law and should not be submitted to the jury. *Gazzola* v. *New*, 191 Ark. 724, 87 S.W.2d 68 (1935); and *Whipple* v. *Gorsuch*, 82 Ark. 252, 101 S.W. 735 (1907). However, appellant recognizes that where a factual dispute exists "it is generally for the jury to determine the truth and whether a justification is established" for prosecution.

The crux of § 41-3929 is not the existence of an intent to convert the property to the use of the bailee but the use of the property contrary to the agreement. *Sullivant* v. *Pennsylvania Fire Ins. Co.*, 223 Ark. 721, 268 S.W.2d 372 (1954). In the case at bar, the conditions of the verbal bailment are in dispute. As indicated, the appellee took the car to show to his insurance agent and mechanic and "try the automobile out and show it to my wife." It is true that he did not confer with his insurance agent or mechanic about the car. However, there was no particular time agreed upon as to when appellee would return the car on Monday. The car, having been damaged on Saturday, was returned, as requested, Monday morning. According to appellee, appellant did not limit the mileage and he could drive the car wherever he pleased. In

the circumstances, the question as to whether appellee had deviated from the agreement was properly submitted to the jury.

Appellant next argues that the court erred in refusing to direct a verdict on the ground that appellant acted upon the advice of counsel in prosecuting this case. Appellant recognizes our well established rule that matters raised for the first time on appeal will not be considered. Even if we agree with the appellant that its motion was sufficiently presented to the trial court, we cannot agree with its contention. This is so because, as appellant recognizes, a full and complete disclosure of the facts must be made. *Hall* v. *Adams,* 128 Ark. 116, 193 S.W. 520 (1917). As indicated, there was a factual issue between appellant's and appellee's version of the bailment.

Appellant finally asserts that appellee failed to prove that appellant acted with malice, which is a necessary element in a malicious prosecution cause of action. We have held that ". . . . malice may be inferred when there is lack of probable cause, even though there was no express showing of malice." *Malvern Brick and Tile Co.* v. *Hill, supra.* Furthermore, as previously stated, in determining the sufficiency of the evidence, we must view the evidence in the light most favorable to appellee. Appellee testified that when appellant's manager learned about the damaged car, the manager expressed a fear of losing his job. Then he attempted to get appellee to sign a postdated rental agreement in order to have appellant's insurer pay for the damage. According to appellee, appellant's manager knew that appellee was moving to Memphis and he contacted appellee only once before appellee moved. During that last conversation in Little Rock, the parties talked about the damage to the car and appellant again asked appellee to sign the postdated rental agreement. When asked why the criminal action was instituted, appellant's manager answered "[B]ecause he had broken the law and as far as I could see he should be punished." Appellant's manager did not think that it was "in the best interest of the company" to file a civil suit because he thought "the man was judgment proof." Appellee testified that appellant's manager told him the charges would be dismissed

if appellee would pay the damages. Certainly, there is substantial evidence from which the jury could find the necessary element of malice.

Affirmed.