## HARR *v.* WARD.

### Opinion delivered December 24, 1904.

1. MALICIOUS PROSECUTION—WHEN LIES.—One who maliciously sues out a writ of attachment against a nonresident without a valid cause of action to sustain it subjects himself to the penalties of the law for malicious prosecution. (Page 439.)

2. SAME—PROOF OF MALICE.—Evidence that the plaintiff in an attachment suit, knowing that defendant was not indebted to him, brought suit to force him to pay something to save his property from sale, is sufficient to prove malice. (Page 439.) ·

3. SAME—ADVICE OF COUNSEL AS DEFENSE.—The fact that a prosecution alleged to have been malicious was brought upon the advice of counsel is not a good defense to the party who prosecuted it, unless it appears that he fairly and fully communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, and that he acted in good faith upon the advice received from counsel. (Page 439.)

4. SAME—ELEMENTS OF DAMAGE.—Attorney's fees and expenses of attending court paid by the defendant in a malicious prosecution are elements of the damage recoverable in an action for such malicious prosecution. (Page 440.)

5. Same—signing attachment bond.—The mere signing of an attachment bond as surety is not sufficient to subject one to the penalties of a malicious prosecution. (Page 440.)

Appeal from Monroe Circuit Court.

George M. Chapline, Judge.

Reversed.

*M. J. Manning,* for appellants.

The appellees cannot recover. Cooley, Torts, 207. No malice is shown. 61 N. W. 359; 98 U. S. 494. Appellants are not subject to the penalties sought to be enforced. Cooley, Torts, 211; 34 Ala. 91; 4 Fed. 602; 61 N. W. 359; 98 U. S. 192; 50 Pac. 606. An attachment against the property of a nonresident is an action *in personam.* 25 Ark. 144. Attorneys' fees and expenses in defending suit are not reasonable, even though the suit on the debt fails. 19 N. W. 282; 20 So. 1012; 36 N. W. 713. Appellees' personal expenses are not recoverable. 51 Ark. 384.

*H. A. & J. R. Parker,* for appellees.

There was legal malice in bringing the attachment suit. Waples, Attach. 449, 450; 12 Pick. 324; 5 Mason, 192; 4 Bing. 190. The creditor must act honestly in bringing the suit. 19 N. W. 282; Drake, Attach. § § 174, 176. All the natural and proximate results of the act complained of will be considered as elements of damages. 1 Sutherland, Dam. 127, 128, 174. The injured party ought to be put in the same position, so far as can be. 96 Ark. 439; 71 Ark. 350.

Battle, J. Joshua Ward sued J. A. Harr, P. H. Foley and S. L. Harr for damages caused by a malicious prosecution. The defendants recovered a judgment against the plaintiff, and he appealed to this court. During the pendency of the appeal he died, and the action was revived by consent in the names of G. W. Ward and J. T. Ward, as administrators of his estate. The judgment was reversed, and the cause was remanded to the circuit court. In the circuit court the plaintiffs recovered judgment against the defendants, and they have appealed.

On or about the 11th day of October, 1894, appellants, J. A. Harr and P. H. Foley, brought an action against Joshua Ward, in the circuit court of the Southern District of Prairie County, to recover $872.50, alleging that Ward was indebted to them in that sum for selling lands for him. At the commencement of this action an affidavit was filed, showing that Ward was a nonresident of the State of Arkansas. A bond with appellant S. L. Harr surety thereon was also filed. An order of attachment was thereupon sued out in the action, and certain land of Ward was seized under the same to secure the debt. Ward finally recovered judgment. He thereupon brought this action against appellants for damages occasioned by the former, alleging that the prosecution thereof was malicious and without probable cause.

Appellants contend that "the law authorized Harr and Foley to bring suit against Ward as a nonresident; that the seizure of the land was not unlawful because Ward was a nonresident; and that the bringing of the suit was not a legal wrong, and the appellees cannot recover in this action." But they are in error. They had no right to sue out an order of attachment without a valid cause of action to sustain it. If they did so, without good reason to believe that Ward was indebted to them, and seized his property under the attachment with the view of forcing him to pay them something, they subjected themselves to the penalties of the law for malicious prosecution. *Lemay* v. *Williams,* 32 Ark. 166, 175.

Appellants say, "no malice was shown." There was evidence adduced in the trial tending to show that Ward was not indebted to them in any sum, and that the action was commenced and the order of attachment was sued out for the purpose of forcing him to pay something to save his property from sale. This was sufficient to show malice. *Lemay* v. *Williams, supra; Foster* v. *Pitts,* 63 Ark. 387.

They say that they brought the action "upon the advice of lawyers learned in the law, and they are not subject to the penalties sought to be enforced upon them in this action." They had the right to ask the advice of counsel, and to rely and act upon it. But, before they act upon it, they should lay before him (counsel) a full and fair statement of the facts relevant to the prosecution. They must honestly and in good faith act upon

the advice given. But this advice "does not necessarily establish a conclusive presumption against malice and in favor of a probable cause." Before it can become effectual, it remains for the jury to determine "whether the party has fairly and fully communicated to his counsel the facts within his knowledge and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon the advice received from counsel." 1 Am. & Eng. Enc. Law (2d Ed.), pp. 899, 906, 907, and cases cited. That question was fairly submitted to the jury in this case, and decided against appellants.

Attorney's fees, and expenses of attending court, paid by Ward in defending against the action brought against him by Harr and Foley, are elements of the damage recoverable in this action. 4 Sutherland on Damages (3d Ed.), § § 1237, 1238, and cases cited.

The signing of the bond for attachment by S. L. Harr was not sufficient to subject him to the penalties of a malicious prosecution, and this was all the evidence against him. See *Sneeden* v. *Harris,* 109 N. C. 349.

Reversed as to S. L. Harr, and affirmed as to the other appellants.