OLDHAM *v.* SMITH.

4-6193                                        147 S. W. 2d 361

Opinion delivered February 10, 1941.

*Minor Pipkin* and *Howard Hasting,* for appellant.

*J. F. Quillin* and *Wm. P. Alexander,* for appellee.

SMITH, J. This is a suit for damages for malicious prosecution in which the plaintiff, Smith, recovered a judgment for $50 against the defendant, Oldham, who has appealed.

Oldham sold Smith a used 1930 Ford coupe for $75, of which $20 was paid with an older car exchanged in the trade. The balance was evidenced by a note, in which title was retained in Oldham. The note was not offered in evidence, and it does not appear in what amount, or on what dates, payments were to be made, but we gather from the testimony that the entire amount was not payable at one time.

Smith drove the car from Polk county, where it was sold, to Trumann in Poinsett county at which place it was found in Smith's possession. Smith testified that he drove the car to southeast Missouri, and then back to Trumann in search of work which he had been unable to find, and that he had so advised Oldham by letter which Oldham denied having received. Smith took with him his wife and child, and was living at the home of his mother-in-law in Trumann when arrested.

Oldham made, before a justice of the peace in Polk county, an affidavit for a warrant of arrest charging Smith with having violated the provisions of § 3212,

Pope's Digest, by removing the car from Polk county where both he and Smith resided and where the car was sold, with the intention of defeating the retention of title contained in the note for the balance of purchase money due on the car. Smith was arrested at Trumann and returned to Mena, the county seat of Polk county, where, in default of bail, he was confined in the county jail for a period of seventy-nine days until his trial and acquittal before a jury at the ensuing term of the circuit court.

The suit was defended upon the ground that, before making and filing the affidavit for the warrant for Smith's arrest, Oldham had made full disclosure of all the facts in the case to the deputy prosecuting attorney, and had acted upon the advice of that official.

The instructions under which the case was submitted to the jury at the trial from which is this appeal are not set out in the brief of appellant; but appellee has copied an instruction which reflects the theory upon which the case was defended, that is, that Oldham had in good faith acted upon the advice of the deputy prosecuting attorney.

Smith testified that at the time he purchased the car he told Oldham the use he intended to make of it, that is, to search for work, and that permission was given him to drive the car out of the county. The truth of this statement is conclusively shown by a paper writing dated Mena, Arkansas, 6-23-39, given Smith by Oldham, in which it is recited that ". . . Mr. F. B. Smith has my permission to take Ford he (just this date from me) out of this State providing he (F. B. Smith) keeps his payments paid up to date."

The deputy prosecuting attorney, who appeared at the trial from which is this appeal as Oldham's attorney, testified that he was advised by Oldham of this writing; but it does not appear that he was told that no payments were due when the car was removed from Polk county, his testimony being that Oldham told him that he had consented that "Smith might take the car from

the county, or from the state, provided the payments were kept up on the car.''

We do not think this statement to the deputy prosecuting attorney constituted that full and candid statement which the law requires before one may excuse himself from the consequences of causing another's arrest on the ground that he had done so under legal advice, for the reason that under the undisputed testimony no payment was due on the car when Smith removed it from Polk county.

Upon the subject of acting upon the advice of counsel in procuring an arrest, Justice Battle, in the case of *Harr* v. *Ward,* 73 Ark. 437, 84 S. W. 496, said: ''But, before they act upon it, they should lay before him (counsel) a full and fair statement of the facts relevant to the prosecution. They must honestly and in good faith act upon the advice given. But this advice 'does not necessarily establish a conclusive presumption against malice and in favor of a probable cause.' Before it can become effectual, it remains for the jury to determine 'whether the party has fairly and fully communicated to his counsel the facts within his knowledge and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon the advice received from counsel.' 1 Am. & Eng. Enc. of Law (2d Ed.), pp. 899, 906, 907, and cases cited.''

The prosecution was concluded in the circuit court by a verdict of not guilty returned, at the direction of the trial judge, which was evidently given upon the theory that Smith had permission to remove the car, not only from Polk county, but from the state, when he did so. The case of *Osborne* v. *State,* 109 Ark. 440, 160 S. W. 215, authorized that action.

The testimony now before us sustains the verdict of the jury, and the judgment thereon, and as no error appears it must be affirmed, and it is so ordered.