Don PARKER *v.* Ronnie BRUSH and Eddie POLK

82-71                                637 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered July 6, 1982

438

*Cliff Jackson, P.A.,* for appellant.

*Gary Eubanks & Associates,* by: *Darrell E. Baker* and *Hugh F. Spinks,* for appellee Brush.

*William H. Hodge,* for appellee Polk.

GEORGE ROSE SMITH, Justice. Ronnie Brush, 21, brought this action for malicious prosecution against Don Parker, because Parker had wrongfully had Ronnie arrested for failing to surrender possession of rented land after having been served with a 10-day notice to vacate. Ark. Stat. Ann. § 50-523 (Repl. 1971). This appeal is from a verdict and judgment awarding Ronnie $5,000 as compensatory damages and $7,500 as punitive damages. For reversal Parker contends primarily that he had probable cause for the prosecution and that the damages are excessive. Our jurisdiction is under Rule 29 (1) (o).

In September, 1979, Parker bought a small trailer park from the other appellee, Eddie Polk, whom Parker brought into the case as a third party defendant. At the time of the sale Ronnie Brush was occupying a trailer on a trailer space in the park and had paid his rent on the space for about a month in advance. Polk, however, had forgotten to make a record of one of Ronnie's rental payments and erroneously informed Parker, the purchaser, that Ronnie was delinquent on his rent.

When Parker tried to collect past-due rent from Ronnie after Parker bought the trailer park, Ronnie insisted that his

rent was paid and offered to show Parker three canceled checks as proof. Parker refused to look at the checks and instead made telephone calls to Polk and had other conversations with Ronnie, trying to learn the facts. Finally Parker accepted Polk's statements that the rent was overdue and served Ronnie with a notice to quit. When Ronnie failed to remove his trailer by the tenth day Parker went to the prosecuting attorney's office and obtained a warrant for Ronnie's arrest. That warrant was never served.

After Ronnie had removed his trailer, Parker moved his own trailer onto the space and found that the sewer line serving the space was broken and clogged. Parker concluded that Ronnie had damaged the sewer, and for that reason he obtained a second warrant and had Ronnie arrested. The prosecution resulted in an acquittal, because Polk realized his mistake when he was shown the canceled checks.

Parker first contends that according to the undisputed evidence he had probable cause for prosecuting Ronnie and was therefore entitled to a directed verdict. The trouble is, probable cause must be based upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused to be guilty. *Malvern Brick & Tile Co.* v. *Hill*, 232 Ark. 1000, 342 S.W.2d 305 (1961). Ordinary caution is a standard of reasonableness, which presents an issue for the jury when the proof is in dispute or subject to different interpretations. Here it was for the jury to say whether Parker acted with reasonable caution in accepting Polk's disputed statements as to the truth, instead of taking further steps to get to the bottom of the dispute between Polk and Ronnie. The jury's verdict has settled that issue, against Parker.

It is also argued that the deputy prosecutor's decision to issue a warrant for Ronnie's arrest is a complete defense to this action. On the evidence, however, which we need not detail, the jury could have found either that Parker did not impartially state all the facts to the deputy or that he did not honestly and in good faith act upon the advice given, being motivated instead by his belief that Ronnie had damaged the

sewer line. On this point see *Oldham* v. *State*, 201 Ark. 903, 147 S.W.2d 361 (1941).

As to the damages, Ronnie was arrested and taken to jail, was booked, photographed, and fingerprinted, and had to remain at the jail for two hours while his wife raised money for his release on bond. He was subjected to a criminal trial, with legal expenses of $200. The awards, even if they cannot be described as modest after a long period of inflation, certainly do not shock the conscience of the court.

Lastly, Parker filed a third party complaint against Polk, seeking not contribution as between joint tortfeasors but complete indemnity for any judgment that Ronnie might obtain against Parker. It is now argued that the trial court should have submitted this indemnity theory to the jury. The only authority cited for this novel argument is *Larson Machine* v. *Wallace*, 268 Ark. 192, 212-215, 600 S.W.2d 1 (1980). There we held, among other things, that before a person can maintain an action for indemnity, there must be some special relationship between the parties, which did not exist when this claim arose, and that the claimant must have suffered an actual loss, which Parker had not suffered when this case went to the jury. We do not regard the present argument as warranting further discussion. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.