**Masoud POURMEHDI, Appellant,**

v.

**NORTHWEST NATIONAL BANK, Appellee.**

No. 87–2714.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1988.

Decided June 28, 1988.

Lanny K. Solloway, Fayetteville, Ark., for appellant.

E. Lamar Pettus, Fayetteville, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Masoud Pourmehdi appeals from the order of the district court [1] granting summary judgment in favor of Northwest National Bank in this diversity case governed by Arkansas tort law. For reversal, Pourmehdi argues that the court erred in concluding that there were no genuine issues of material fact as to his claim of malicious prosecution. We affirm the order of the district court.

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West-

ern District of Arkansas.

In March 1985 Pourmehdi borrowed $3,000 from Northwest and executed a promissory note to the bank. As collateral, Pourmehdi gave the bank a man's ring and several other pieces of jewelry. Pourmehdi presented an appraisal with the ring, identifying it as 14 karat gold inset with a one-half carat solitaire diamond. Pourmehdi subsequently defaulted on the loan, and Northwest, while having the collateral appraised for sale, discovered that the stone in the ring was not a diamond. Northwest consulted an attorney, and then informed the prosecuting attorney about the overvalued collateral. Pourmehdi was charged with criminal simulation, a felony under Arkansas law. The charge was eventually disposed of by *nolle prosequi* upon payment of restitution and costs.

Pourmehdi then filed this action in state court, alleging malicious prosecution, false arrest and imprisonment, defamation, and intentional infliction of emotional distress. Northwest removed the case to federal district court and filed a motion for summary judgment. Pourmehdi responded with an affidavit denying that he had intentionally overvalued the ring.

The court granted the motion, on the ground that Pourmehdi failed to produce sufficient evidence of the absence of probable cause for the proceedings against him, an essential element of a claim of malicious prosecution under Arkansas law.[2] The court determined that because Northwest had done no more than inform the prosecutor of the facts relating to a supposed crime, Arkansas law " 'conclusively presume[d] the existence of probable cause, the lack of which is a necessary element in a suit for malicious prosecution.' " *Pourmehdi v. Northwest National Bank,* letter memorandum at 3 (W.D.Ark. Nov. 24, 1987)(quoting *Jennings Motors v. Burchfield,* 182 Ark. 1047, 1049, 34 S.W.2d 455 (1931) (citations omitted)). The court added that Pourmehdi's other claims failed as well, given this conclusion that Northwest

did no more than what it had a legal right to do.

On appeal, Pourmehdi argues that disputed issues, as to the existence of probable cause and as to whether Northwest made full disclosure to the prosecutor, preclude summary judgment. He contends that the existence of probable cause is almost always a jury question. We think Pourmehdi misperceives his burden under Rule 56 of the Federal Rules of Civil Procedure. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment * * * against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once Northwest pointed out to the trial court that there was no genuine issue as to the absence of probable cause, it became Pourmehdi's "burden to set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on that issue," *City of Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 274 (8th Cir.1988) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986)).

The standard for summary judgment mirrors that for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250–52, 106 S.Ct. at 2511–12. There is no need to submit factual issues to a jury when the evidence proffered permits but one reasonable conclusion as to the verdict. *Id.* Summary judgment was proper because Pourmehdi failed to set forth any evidence that Northwest lacked probable cause, i.e., "facts or credible information that would induce a person of ordinary caution to believe [Pourmehdi] to be guilty," *Parker v. Brush,* 276 Ark. 437, 439, 637 S.W.2d 539, 540 (1982).

---

**2.** The elements are: (1) the institution or continuation of original judicial proceedings; (2) by, or at the instance of the defendant; (3) termination of the proceedings in the defendant's favor; (4) malice; (5) lack of probable cause; and (6) damage. *Farm Serv. Coop. v. Goshen Farms, Inc.,* 267 Ark. 324, 331–32, 590 S.W.2d 861, 865 (1979).

Accordingly, the order of the district court is affirmed.