The Honorable Steven B. Jones State Representative Post Office Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
You have requested my opinion on several questions concerning A.C.A. §18-16-101 (Supp. 2003).[1] You state that you are "trying to get clarification on whether or not judges are enforcing this law." You have asked:
 Is it your contention that the judge must force the tenants to leave? If so, what is the time period in which they need to leave? Also, can they go to a municipal court rather than a circuit court for an eviction?
RESPONSE
An initial review and clarification of A.C.A. § 18-16-101 is necessary before addressing your questions. This Code section, a copy of which is enclosed for your convenience, authorizes the criminal prosecution of tenants who fail to pay rent when due and who hold over after receiving a written ten-day notice from their landlord to vacate the premises. Seegenerally Duhon v. State, 299 Ark. 503, 774 S.W.2d 830 (1989).[2] If the state meets its burden of proving that the tenant failed, without justification, to pay rent and willfully refused to vacate, the tenant will be convicted of a misdemeanor and fined. A.C.A. § 18-16-101 (b). Seealso Duhon, supra, and Munson, supra at n. 2. A judge does not, however, order a tenant's eviction pursuant to § 18-16-101. Eviction is a civil
remedy that may be pursued under A.C.A. §§ 18-60-301—312, the unlawful detainer statutes that comprise the civil counterparts to A.C.A. §18-16-101.
With this clarification, therefore, I will attempt to address your questions. The answer to your first question is "no," in my opinion. Although subsection 18-16-101(a) provides that the tenant shall "forfeit all right to longer occupy the dwelling" by failing to pay rent when due, there is no procedure under this statute for removing the tenant from the property. Instead, the tenant is subject to criminal prosecution if he fails to vacate after receiving the requisite notice. But see n. 2, supra (regarding wrongful prosecution). It thus cannot be contended that the judge must force the tenants to leave pursuant to A.C.A. §18-16-101. Judicial removal of holdover tenants may be sought under the unlawful detainer statutes, cited above.
A response to your second question is therefore unnecessary. With regard to your third question, I am uncertain to whom "they" refers. In any event, however, district courts (the successor courts to municipal courts following the adoption of Amendment 80 to the Arkansas Constitution) currently are without jurisdiction to address issues involving possession to real property. This is in accordance with A.C.A. § 16-17-206 (Supp. 2003), which provides in relevant part that "[d]istrict courts shall not have jurisdiction in civil cases where a lien on land or title or possession thereto is involved." Id. at subsection (a).[3] See also
A.C.A. §§ 18-60-306 and -307 (1987 and Supp. 2003) (jurisdiction and proceedings in circuit court in unlawful detainer action).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] You actually refer in your request to "HB 2291 from the 2001 Legislative Session." This bill was enacted as Act 1733 of 2001. Act 1733 amended the $25.00 fine provision in A.C.A. § 18-16-101 and added a subsection pertaining to tenants who enter a plea of not guilty to the charge of refusal to vacate upon notice. The amended statute is found in the 2003 Supplement to Volume 18 of the Arkansas Code.
[2] The statute, commonly known as the "failure-to-vacate" statute, has been held constitutional. See Duhon, supra; Poole v. State,244 Ark. 1222, 428 S.W.2d 628 (1968). The court in Duhon stated: ". . . criminal prosecution, where a tenant, without justification, fails to pay rent, is permissible under the Arkansas Constitution."299 Ark. at 510, expressing agreement with Munson v. Gilliam, 543 F.2d 48 (8th Cir. 1976). The court in Duhon also noted, however, that "[a] tenant wrongfully prosecuted under [A.C.A. § 18-16-101] has a remedy and a landlord wrongfully utilizing this criminal act to evict tenants should be aware to the possible consequences. In Parker v. Brush, 276 Ark. 437,637 S.W.2d 539 (1982), an action for malicious prosecution resulted in compensatory damages of $5,000.00 and punitive damages of $7,500.00 against a landlord." Id.
[3] It should be noted that A.C.A. § 16-17-206 is repealed effective January 1, 2005, in recognition of the January 1, 2005 implementation date for changes in the so-called "limited jurisdiction court system."See Acts 2003, No. 1985, § 123 and Amended Supreme Court Statement onLimited Jurisdiction Courts Under Amendment 80 (per curiam, Dec. 19, 2002). This explains my reference to the district courts' current lack of jurisdiction to hear matters involving possession to land. After January 1, 2005, it will be necessary to refer to the Arkansas Supreme Court rules to determine the subject matter jurisdiction of district courts in civil cases. See Ark. Const. amend. 80, § 7(B) (stating that "[t]he jurisdiction amount and the subject matter of civil cases that may be heard in the District Courts shall be established by Supreme Court rule.") No rule has issued to date.